MORRIS NEUSCHTAT ET AL. *vs.* ROSE ROSENTHAL ET AL.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Having once made a finding of facts underlying an interlocutory decree for an accounting, pursuant to a request of the defendant under General Statutes, § 763, the trial court is not required, by the provisions of § 792 and a request of the defendant thereunder, to make another finding covering the same ground after the accounting has been had and final judgment rendered.

In the absence of the evidence, objections to findings of fact contained in the judgment-file are unintelligible and cannot be considered by this court on appeal.

In the present case the lessee of a farm, who had agreed "to be liable for the number of cattle mentioned" in the lease, sold some of them and bought others, though fewer in number. *Held* that the accounting, from which no appeal was taken, had adjusted and satisfied any liability which the lessee had incurred for any breach of this agreement.

The persistent neglect and refusal of the lessor of a farm to perform his covenant to construct a dwelling-house thereon, to repair the other buildings, and to furnish the lessee with tools necessary to till the farm, in consequence of which it could not be worked at a profit, entitles the lessee to treat such breach as an attempted repudiation of the lessor's contract obligations in these respects, and gives him the right, at his option, to put an end to the continuance of the contract, without prejudice to his claim to recover damages for its breach.

In the present case the trial court found that the lessees by bringing the suit had rescinded and intended to rescind the contract. *Held* that in the light of this fact their prayer for a cancellation of the contract was to be construed in its literal sense.

A clause in the lease provided that the plaintiff lessees, who had deposited $2,000 with the defendant lessors as security for the performance of their covenants, should have a lien on the farm and buildings for that amount, which should be treated as if it were a duly-recorded mortgage. *Held* that this entitled the plaintiffs, upon the expiration of the lease or its sooner determination without their fault, to retain possession of the premises as security for the return of their deposit; and that in default of such return they were, when their action was begun, in possession not as tenants but as mortgagees, and were not obliged, therefore, to deliver up possession to the defendants before commencing suit for damages and for a foreclosure of their mortgage.

One of the defendants, who took a deed of the premises after the making of the lease in question, demurred to the complaint substantially upon the ground that it set forth no cause of action against him. *Held* that inasmuch as his deed was upon its face subject to the terms of the lease, his demurrer was properly overruled, and especially so, since it was found that his deed was without consideration and was given and received to defeat the fulfilment by the other defendant of his obligations under the lease.

Argued June 5th—decided July 30th, 1913.

ACTION to recover damages for alleged breaches of the defendants' covenants in a lease, for the cancellation of the contract and for a foreclosure of the lien or mortgage referred to therein, brought to and tried by the Superior Court in New Haven County, *Bennett, J.;* facts found and decree rendered adjudging that the plaintiffs had an equitable lien for $2,000 upon the premises leased to them, less such sum as might appear to be due from them to the defendants upon an accounting for their use of the premises and for the personal property received by them when they went into possession; upon such accounting, thereafter had, the defendants were found to owe the plaintiff $1,600, for which a judgment of foreclosure was rendered, from which the defendants appealed. *No error.*

The plaintiffs and the defendant Rosenthal entered into a written contract leasing to the plaintiffs certain farm lands, buildings, stock, tools, etc., for the term of four years from October 1st, 1908; plaintiffs to pay as rental one third of the net profits of the farm, together with taxes and interest on certain outstanding mortgages; and the defendant Rosenthal to build a sixteen-room house on the premises and to furnish necessary tools as per schedule to be furnished. Plaintiffs were to be liable at the expiration of the lease for the number of cattle and horses mentioned in an annexed schedule, except for such as might die during the term. The plaintiff David Neuschtat was to give his whole time and at-

tention to the farm, otherwise the plaintiffs were to forfeit the sum of $2,000 deposited by them as security for the faithful performance of their agreements. It was further agreed that plaintiffs should have a lien against the entire farm and buildings thereon erected for the sum of $2,000, and the same should be treated as a mortgage on the leased premises. The plaintiffs also had an option to purchase the farm at the expiration of the lease; the $2,000 to be treated, in that event, as part of the purchase price.

The complaint, dated June 13th, 1910, alleged that the plaintiffs were in possession under the contract; that the $2,000 had been paid to the defendant Rosenthal; that the defendant Rosenthal, on August 7th, 1909, transferred her interest in the premises to the defendant Passon, subject to the contract; that both Rosenthal and Passon had neglected and refused to build the house or supply the tools as agreed, which agreements the complaint alleges were important and chief considerations of the plaintiffs' execution of the contract; and that, by reason of the defendants' neglect and refusal to keep their agreements, it was impossible to work the farm at a profit, and the plaintiffs have been deprived of any benefit of the contract. A demurrer to the complaint by the defendant Passon was overruled, and the defendants answered denying any breach of the contract, and, by way of second defense and counterclaim, alleged that the agreements for building the house had been subsequently modified, and, as modified, complied with, and charged the plaintiffs with various breaches of covenant. All the issues of fact have been found in the plaintiffs' favor.

*Benjamin Slade,* for the appellants (defendants).

*Robert C. Stoddard,* for the appellees (plaintiffs).

BEACH, J. The refusal of the trial court to make a finding of facts in pursuance of the defendant's request for a finding is assigned as error. It appears from the record, however, that an interlocutory judgment for an accounting was entered January 20th, 1912; that at that time the defendant made no request for a finding under § 792 of the General Statutes, but did request the court to make a finding of facts as part of the judgment-file under § 763. No appeal was taken from the interlocutory judgment for an accounting, and the case went to final judgment April 9th, 1913. Under the circumstances, the trial court did not err in refusing to make a second finding of facts pursuant to § 792 of the General Statutes.

As none of the evidence is certified, the objections to findings of fact contained in the judgment-file are unintelligible, and cannot be considered.

The demurrer of the defendant Passon was properly overruled; not only because the conveyance, Exhibit B, is on its face subject to the plaintiffs' lease and contract, Exhibit A, but also because the trial court has found as a fact that Passon's deed was without consideration, and was given and received to defeat the carrying out of the defendant Rosenthal's agreement contained in Exhibit A.

It is claimed that the plaintiffs violated their contract by selling some of the cattle and horses mentioned in the schedule; but the agreement "to be liable to the party of the first part for the number of cattle as mentioned," is satisfied by the accounting, in respect of which no appeal is taken; and, so far as the working of the farm is concerned, the trial court has found that the animals sold were replaced by others, fewer in number but, from the standpoint of good husbandry, of at least equal value.

The trial court has also found that the agreement of

the defendant Rosenthal to construct and repair buildings and to provide tools was the principal consideration for the plaintiffs' entering into and signing the lease and contract, Exhibit A; that the plaintiffs have performed all their obligations therein contained; and that the defendant Rosenthal, after starting to erect the building called for by the agreement, stopped the work without cause and before the building was tenantable, and has thereafter refused and neglected to finish it or purchase all of the necessary tools called for by the contract, although often requested, whereby the value of the premises was greatly diminished and the farm could not be worked at a profit. In view of the character and persistence of the breach, and of the consequent impossibility of working the leased premises at a profit, the plaintiffs were entitled to treat the conduct of the defendants as amounting in law to an attempted repudiation of their contract obligations, so far as they remained unperformed, and were entitled, at their option, to put an end to the continuance of the contract, without prejudice to their claim for damages for the breach. *Wells* v. *Hartford Manilla Co.,* 76 Conn. 27, 55 Atl. 599; *Roehm* v. *Horst,* 178 U. S. 1, 20 Sup. Ct. Rep. 780.

It is found that the plaintiffs, by the bringing of this suit, rescinded and intended to rescind this contract; and the prayer for cancellation is to be construed, in the light of this finding, in its literal sense.

The only remaining claim of law, which requires notice, is that the plaintiffs, having entered into possession of the premises as tenants under the lease, cannot repudiate the lease and sue for damages and for foreclosure of their mortgage on the ground of the defendants' breach, without first delivering or offering to deliver the premises to the landlord. The contract, however, provides for such a contingency, for, after

reciting that the plaintiffs have deposited with the defendant Rosenthal $2,000 as security for the faithful performance of their contract, and that, if the plaintiffs duly perform, the same shall be returned at the expiration of the lease, the contract goes on as follows: "And it is further agreed by and between the parties hereto that the parties of the second part shall have a lien against the entire farm and buildings thereon erected for the sum of two thousand ($2000) dollars, and the same shall be treated as if a mortgage against the said premises was filed in the office of the county clerk of the town of Branford, State of Connecticut." This language expressly entitles the plaintiffs, at the expiration of the lease or its sooner determination without the plaintiffs' fault, to retain possession of the premises as security for the return of their deposit, and in default of such return they were, when the action was brought, in possession as mortgagees and not as tenants.

There is no error.

In this opinion the other judges concurred, except WHEELER, J., who dissented.