THE PORTLAND BUILDING AND LOAN ASSOCIATION *vs.* WALTER E. PECK ET ALS.

WILLIAM F. BIELBY *vs.* WALTER E. PECK ET ALS.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HINMAN, BANKS AND JENNINGS, Js.

Argued January 8th—decided March 3d, 1930.

*Bernard A. Kosicki,* with whom, on the brief, was *Don Cambria,* for the appellant (Bielby).

*Howard W. Tule,* with whom was *Albert S. Bill,* for the appellee (defendant Richter).

*Bertrand E. Spencer,* for the appellee (defendant The Middlesex Real Estate and Investment Company).

*Thomas C. Flood,* for the appellee (plaintiff The Portland Building and Loan Association).

HINMAN, J. Although variously stated in several reasons of appeal, the pivotal point of the appeal of Bielby, the sole appellant, is the conclusion of the trial court that the note and mortgage of the Pecks to Bielby executed and delivered on September 16th, 1926, were intended and accepted as payment of his claim for services and materials, instead of as temporary and additional security as the appellant claims,

and that his mechanic's lien, subsequently filed, was void in consequence. Unless the attack upon this conclusion is successful, those paragraphs of the appeal which question the order of priority of the $2000 mortgage to the Building and Loan Association, the Real Estate and Investment Company mortgage, and the liens of Richter and Holbrook Company are immaterial.

The conclusion as to the effect of the note and mortgage to Bielby is supported by and depends upon the fact stated in paragraph twenty-one of the finding that they were accepted by Bielby in payment of the balance then due him. If the note and mortgage were given by the Pecks and accepted by Bielby in payment of the debt of the former to the latter, the right of lien was terminated and the lien extinguished. *Clow & Sons* v. *Goldstein*, 147 Ill. App. 571; *Jenckes* v. *Jenckes*, 145 Ind. 624, 44 N. E. 632; 40 Corpus Juris, Mechanics Liens, p. 341, § 460; 2 Jones on Liens (3d Ed.) § 1508. Whether they were so given and accepted is a question of intention for the determination of the trial court, the finding of which, if justified by the evidence, is conclusive. *Waterbury Lumber & Coal Co.* v. *Asterchinsky*, 87 Conn. 316, 322, 87 Atl. 739; *Halsted & Harmount Co.* v. *Arick*, 76 Conn. 382, 56 Atl. 628.

The appellant seeks a correction of the finding by striking out paragraph twenty-one and substituting a finding that the "mortgage and note were given and accepted as temporary and additional security for the claim of Bielby for materials and labor furnished." The only direct testimony as to the purpose of the note and mortgage was that given by Bielby. His direct examination pertained entirely to the lien which he was seeking to foreclose. When, on cross-examination, he was inquired of as to the note and mortgage, he stated that he understood the mortgage was security

for the lien. He testified that Peck, who was about to leave for the Pacific coast, came to him and "wanted to make an arrangement whereby I could be secured for payment against this job. I had been to him before. . . . He asked me how it could be done, and I took him to an attorney and he told him he could secure me with a note and when my job was completed within the time limit to place a mechanic's lien until such time as he could return and straighten matters out." However, further facts were elicited on cross-examination which, together with inferences from the sequence of undisputed facts making up the situation at the time, and other circumstances might be considered as indicating that the purpose of the transaction was not as so claimed by Bielby but that, instead, it was regarded and treated by him as payment. In the first place, Bielby's legal situation under the mechanic's lien statutes was as advantageous as it could possibly be rendered by anything short of payment or collateral security on property of the Pecks other than that subject to the lien. A demand note and mortgage on the same property, only, would afford no additional security. Presumably this would have been well known to any attorney who was consulted on that point. The attorney claimed to have been resorted to and who, had the facts been as Bielby claimed, could have afforded weighty corroboration, does not appear to have been called as a witness. The presumptive competence of any attorney to advise correctly upon so simple a matter suggests a probability that the function of the one employed was merely to draft the papers which the parties desired.

Bielby admitted on cross-examination that on or about September 16th he received a payment of $110 from the Pecks (which sum approximated the amount of six months interest on the principal of the note).

This payment was not credited to the Pecks' account on his books, although an earlier payment, on August 28th, of $300 was so credited. It further appeared from his books that in January, 1927, the account for services and materials furnished on the Peck job was closed by an entry "balance by account with mortgage note, $580.65 and $2834.49," and the amount of the note was entered on note account. Other circumstances, not without significance, might be cited, but it suffices to say that the finding that the acceptance of the note and mortgage by Bielby was as payment rather than as "temporary and additional security" may not be eliminated by us as found without evidence, although such finding involve a disbelief of appellant's direct testimony as to the intent and purpose of the transaction.

The appellant is entitled to have inserted in the finding the fact that he has not attempted to enforce the note and mortgage, by foreclosure or otherwise. It does not appear, however, that he has released the mortgage, surrendered the note, or otherwise relinquished them, as would have been the logical course of conduct, after his lien had been filed, if temporary security until that time was the only purpose, as he claimed. In this connection it is to be noted that the finding is not questioned that on September 16th, the date on which the note and mortgage were given, Bielby had completed furnishing labor and materials, and that the amount of the note is identical with that of the lien which he later filed; also that on the same day several materialmen filed their liens, and no reason appears why Bielby could not have done likewise. That he did file a lien more than a month later (October 25th) and in May, 1928, brought action to foreclose it, instead of relying upon his mortgage, is at least as suggestive of a subsequent enlightenment as to the

comparative advantages between the lien and the mortgage as of an intention, on September 16th, to ultimately rely upon the right of lien to the exclusion of the note and mortgage.

The requested finding that the transfer of the open Peck account to note account, thereby balancing the former, was in conformity with the regular practice in appellant's business, depends upon Bielby's somewhat vacillating testimony on that subject, and lacks corroboration from the books themselves, is unreasonable on its face, and is not an admitted or undisputed fact.

Since the finding may not be corrected in any respect materially affecting them, the conclusions that the claim of the appellant is upon his note and mortgage instead of upon a mechanic's lien, and that his position in the order of priority is determined by the date of the former, must stand. This result renders superfluous consideration as to what the effect would have been had the note and mortgage been received, not in payment of the claim, but in attempted substitution for the mechanic's lien, or as additional or collateral security, subjects involving a considerable conflict of authority, as disclosed by the briefs and arguments. 2 Jones on Liens (3d Ed.) § 1519 and cases cited; 18 R. C. L. p. 971, § 113; *Trullinger* v. *Kofoed,* 7 Ore. 228, 33 Am. Rep. 708; *Chapman* v. *Brewer,* 43 Neb. 890, 62 N. W. 320.

If, as appears probable from the finding as to the value of the property, the proceeds of the sale are sufficient to cover the amounts of both of the plaintiff Building and Loan Association mortgages and that of the Middlesex Real Estate and Investment Company, there is no occasion to consider the contention of the latter that the provisions of § 5217 of the General Statutes as amended by Chapter 130 of the Public Acts of 1925, concerning classification and pro rata payment

of mechanics' liens accruing between the intervention of incumbrances other than such liens, should be so construed as to permit a similar classification of and apportionment between mortgages similarly situated. However, the construction contended for is inadmissible since the provision as to such classification is confined, manifestly, to mechanic's liens.

The relegation of Bielby's security to a position subsequent to that of the Middlesex Real Estate and Investment Company, leaves no effective incumbrance intervening between the plaintiff Building and Loan Association's first mortgage of $4000 and its $2000 mortgage of July 12th, 1926. Hence it is unnecessary to determine, as it would have been were Bielby held entitled to a lien as of April 4th, 1926, whether the trial court was correct in holding that the transaction of July 12th, between the plaintiffs, the Pecks, and Hale accomplished an equitable assignment to the plaintiff of the mortgage theretofore held by Hale, so that the plaintiff's $2000 mortgage was entitled to priority over all claims except the first mortgage. However, as the court, in so ruling, and the plaintiff in argument on this point, relied upon *Lomas & Nettleton Co.* v. *Isacs,* 101 Conn. 614, 127 Atl. 6, we suggest that the situation here differs, in material respects, from that there presented. In that case, as in most cases therein cited (p. 620) where similar relief was afforded, the mortgagee in the reinstated mortgage was the same as in the original mortgage, although in a few, including *Seeley* v. *Bacon* (N. J. Chan.) 34 Atl. 139 and *Cobb* v. *Dyer,* 69 Me. 494, the new mortgagee was a third party. See 2 Jones on Mortgages (8th Ed.) §§ 1243, 1244. It also appears from the memorandum of decision, made part of the finding, that the form and terms of the note secured by the plaintiff's mortgage differed materially from the Hale note,

in that the plaintiff's by-laws require borrowers to buy stock in the corporation, which constitutes security collateral to that afforded by the mortgage, and the note and mortgage require the payment, each month, of certain specified sums of principal, and interest, together with fines chargeable upon arrears of such payments. These differences, the court states, occasioned the release of the Hale mortgage and the giving of the new obligations, instead of a simple assignment of the Hale note and mortgage. We are not now called upon to decide whether such relief as was accorded in *Lomas & Nettleton Co.* v. *Isacs* might or should be granted in such a situation.

The order of priority determined by the judgment in the Portland Building and Loan Association case is correct, at least so far as it is attacked or affected by this appeal. The finding, as we interpret it, indicates that the mortgage to Segerberg was executed and delivered prior (by a few minutes) to that to Bielby; if so, the former would be entitled to priority, as between them. *Sands* v. *Lyon,* 18 Conn. 18, 26; *First National Bank* v. *Burkhardt,* 100 U. S. 686, 689. Segerberg has not appealed, however, and the question of priority as between these two mortgages is not within the scope of Bielby's appeal. Segerberg's complaisance as to this ruling is probably attributable to the fact that the value of the property is found to be not more than $12,000, while the mortgages and liens having precedence over both his and Bielby's mortgages considerably exceed that amount.

There is no error.

In this opinion the other judges concurred.