ANTONIO SCALABRIN *vs.* HARRY HARRISON ET ALS.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 29th—decided March 31st, 1930.

*John Elliott,* for the appellant (plaintiff).

*Louis M. Rosenbluth,* for the appellee (defendant The DeForest & Hotchkiss Company).

*Joseph H. Thalberg,* with whom, on the brief, were *Abraham S. Weissman* and *George E. Gordon,* for the appellee (defendant The New York Plumbing and Building Supplies Company).

HINMAN, J. The decisive issue upon the trial and on this appeal is whether a certain deed from the defendant Harrison to the plaintiff was given and accepted in payment and discharge of Harrison's indebtedness to Scalabrin on account of labor and materials furnished in building a house, as the trial court held, or, as the plaintiff claims, merely by way of security additional to that afforded by his right to a mechanic's lien.

The quitclaim deed was absolute in form, was accepted and promptly caused to be recorded by the plaintiff. In ascertaining whether it was intended by the parties to be what its provisions purported or, instead, in effect a mortgage, the situation and course of conduct of the parties, and the surrounding circumstances, are to be considered, as well as the instrument itself. *Guilford-Chester Water Co.* v. *Guilford,* 107

Conn. 519, 528, 141 Atl. 880; *Williams* v. *Chadwick*, 74 Conn. 252, 255, 50 Atl. 720.

The salient facts affecting these considerations, disclosed by the finding, as corrected in some minor details at the instance of the appellant, include the following: On March 16th, 1928, the plaintiff commenced performance of a written contract with Harrison for the erection of a dwelling-house on land of the latter in West Haven. On May 4th, 1928, Harrison executed a mortgage to The F. M. Ward Company securing a construction loan of $3800 payable in instalments as the work progressed. The proceeds of this mortgage were paid (from time to time from May 5th to August 24th) to the plaintiff or, by his direction or consent, to other parties who had furnished services or materials in the construction of the house. On June 2d, 1928, Harrison, being unable to raise additional funds to complete the house and the plaintiff having ceased work thereon because of failure to pay him further, executed and delivered to the plaintiff the deed in question. Thereupon Scalabrin resumed operations, purchasing materials and hiring labor in his own name and paying therefor from his own funds, built a garage and put in cement work (which the contract specified should be done by the owner, or if done by the contractor at owner's request should be considered extra), and did grading (not called for by the contract). The work was finished August 21st, 1928.

On May 8th and 11th, 1928, two creditors of Harrison had caused attachments to be placed on the premises in actions against him. After giving the deed of June 2d, Harrison exercised no control over the premises, soon left New Haven and has not been heard from since. On September 18th Scalabrin executed a quitclaim deed of the premises, naming Harrison as grantee, and caused it to be recorded, and the next day,

September 19th, filed for record a certificate of the mechanic's lien which he is now seeking to foreclose.

The rather indefinite and uncorroborated testimony of the plaintiff to the effect that his understanding with Harrison was that the latter would eventually pay him by obtaining money on a second mortgage and thereupon take a reconveyance of the property, is irreconcilable with the significant facts and circumstances and the reasonable inferences therefrom. The trial court clearly was warranted in accepting the latter and they are ample to support the conclusion that the deed was given and accepted with the intention that the plaintiff should take title to the property in payment and satisfaction of Harrison's indebtedness to him and the plaintiff thereby became the absolute owner.

The effect of such payment was to extinguish the plaintiff's mechanic's lien. *Portland Building & Loan Asso.* v. *Peck,* 110 Conn. 670, 149 Atl. 214. Therefore no question arises as to merger between such lien and the equity above intervening incumbrances.

There is no error.

In this opinion the other judges concurred.