GRACE S. HARTWELL *vs.* TOWN OF WATERTOWN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 4th—decided February 1st, 1938.

*U. G. Church,* for the appellant (plaintiff).

*John H. Cassidy,* for the appellee (defendant).

BROWN, J.   The first count of the complaint alleges that the defendant town dug a ditch in one of its highways; that it negligently omitted to protect it; that because of its situation, construction and the negligent way it was maintained this constituted a nuisance; and that by reason thereof the plaintiff, in crossing the ditch in the exercise of due care, fell in and was injured.   The second count alleges the same facts, also that this constituted a defect in the highway, and that the plaintiff gave the defendant due notice of the accident and her injuries.   By its answer the defendant denied all of the allegations of the complaint except that as to notice, and pleaded this special defense to each count: "At the time of the injury complained of, signs were maintained at either end of said highway notifying travelers that said highway was under repair and that persons used the same at their own risk; the plaintiff saw or ought to have seen such signs and knew or ought to have known that said highway was under repair, wherefore she assumed the risk of traveling upon said highway at the time and place alleged in the complaint."   The plaintiff demurred to these defenses solely on the

ground that since this street was not alleged to be a state highway which could be or was closed by the erection of signs pursuant to § 1513 of the General Statutes, the erection thereof did not relieve the defendant of liability. The court ruled that the erection of the signs was not a defense in and of itself, but that there were other allegations as to certain conditions and certain conduct of the plaintiff entitling the defendant to raise the issue of assumption of the risk, a defense which it must affirmatively plead. For this reason it overruled the demurrers.

Whether in the absence of any mention or description of the ditch where the plaintiff fell, the danger of crossing it, or her appreciation thereof, these other allegations that the plaintiff saw or ought to have known the highway was under repair were sufficient to supply the further facts essential to an adequate plea of assumption of the risk, we need not determine. This is by reason of what subsequently transpired as shown by the record. The plaintiff joined issue on these defenses of assumption of the risk by her replies denying all of the matters therein alleged. During the trial the defendant, without objection, offered evidence to prove, and claimed to have proved, that the plaintiff did assume the risk of crossing the ditch and all of the essential facts in support thereof, which the plaintiff disputed by her evidence and claims. The court fully charged the jury upon this issue.

Referring to a claimed error in overruling a demurrer to the complaint, on an appeal from a judgment for the plaintiff in a case tried to the court, this court said: "But it does not follow that a reason of appeal of that nature is to be decided without reference to the proceedings following the answer. If these, without the imposition of any new and im-

proper burden upon the defendant, result in a judicial finding by which the facts alleged are supported and their legal effect broadened by other facts not specifically alleged, but within the issue, this court is not to shut its eyes to the finding and consider the demurrer as if it had been the termination of the pleadings. We do not sit to try moot cases. Having now all the facts before us, we are not required to rule upon what would be the result of some of them if standing alone." *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 Atl. 1084. See also *Thomas' Appeal,* 85 Conn. 50, 51, 81 Atl. 972; *Mallory* v. *Hartman,* 86 Conn. 615, 622, 86 Atl. 567; *Neuschtat* v. *Rosenthal,* 87 Conn. 400, 403, 87 Atl. 741; *New York, N. H. & H. R. Co.* v. *Water Commissioners,* 102 Conn. 488, 497, 129 Atl. 384. While the last sentence quoted is not applicable to cases tried to the jury, at least in the absence of a special finding, we have applied this principle in a case tried to the jury, to obviate possible error in the overruling of a demurrer to a complaint failing to allege a material fact, where this fact was proved without dispute at the trial. *Dombroski* v. *Abrams,* 116 Conn. 454, 456, 165 Atl. 467.

In the present case, where the nature of the defense is clearly though but generally stated, and the fault in the pleading is at most a deficiency in the allegation of certain specific facts, after the case has been tried upon this issue, all the facts presented, and the jury correctly charged, no good or necessary purpose can be served by our reviewing the overruling of the demurrers and finding error on the ground that the defenses were insufficient because of defects in the way they were pleaded. The subsequent proceedings here imposed no new or improper burden on the plaintiff, and resulted in a judicial finding by which in effect the facts alleged as to the plaintiff's assump-

tion of the risk are supported and their legal effect broadened by other facts within the issue, though not specifically alleged. The principle above quoted therefore applies, and any possible error in the ruling on the demurrers was obviated by what later transpired. For similar reasons, the claim that the court erred in submitting the issue of assumption of the risk to the jury as sufficiently alleged in the special defenses to constitute a defense, is without merit.

The court did not err in failing to charge that the erection of the signs was not a defense of itself. It fully and carefully explained in the charge all of the several essentials which the defendant must prove to establish the plaintiff's assumption of the risk as a defense. It further instructed the jury that unless they did find this defense established, if the plaintiff had proved the material allegations as enumerated in the charge, of any of the causes of action she had alleged, they should render a verdict in her favor. From the charge as given, the jury could not have failed to have understood that the only possible significance of the maintenance of the signs was as one fact bearing on the plaintiff's knowledge of the danger, and in no event as sufficient per se to excuse the defendant from liability.

The court correctly instructed the jury that the first count alleged a nuisance, either absolute or based on negligence, and the second count a defect in the highway. The plaintiff claims that the court by subsequently charging that to recover the plaintiff must prove "all of the material allegations" of either the first or second count, imposed the burden of proving both an absolute nuisance and one based on negligence to warrant a verdict in her favor on the ground of nuisance. While technically erroneous, this could hardly have misled the jury in view of the previous

careful explanation explicitly differentiating the two kinds of nuisance. The other portions of the charge claimed by the plaintiff to have been erroneous, were correct statements of the law and adapted to the issues. Not only was there no reversible error in the court's charge, but it constituted an exceptionally clear statement of the principles essential to the proper guidance of the jury upon the issues raised by the pleadings.

The other errors assigned relate to the court's submission to the jury of the two interrogatories suggested by the defendant. The finding is that counsel for the plaintiff "stated he had no objection to the submission of the proposed interrogatories provided the jury were adequately instructed on the assumption of risk." The court thereupon reiterated to the jury the part of its charge stating the essential principles involved in this defense, and these instructions were adequate as to that issue. This waiver of her right to object aside, however, the record does not disclose that the plaintiff was prejudiced by the interrogatories submitted.

There is no error.

In this opinion the other judges concurred.