THE EQUITABLE INDUSTRIAL LOAN SOCIETY,
INCORPORATED, *v.* ELIZABETH J. KELLY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 2d, 1937; reargued April 6th—decided May 5th, 1938.

*Ephraim Edward Sinn,* for the appellant (defendant).

*Thomas A. Grimes,* with whom was *Frederick C. Hesselmeyer,* for the appellee (plaintiff).

Brown, J. The plaintiff is a corporation duly licensed under the statute to conduct a small loan business in New Haven. On June 24th, 1935, the defendant as sole maker, and without other security, as she knew, gave the plaintiff her note for $300 with interest at 3 per cent. per month, payable on or before February 24th, 1937, in twenty stated instalments, and providing that upon default the unpaid balance

should be due forthwith. "Actual Amount Cash delivered this date $300" was the consideration stated therein. April 9th, 1936, the defendant being in default, the plaintiff called the loan. The balance of principal then unpaid, which was the total balance due on the note, was $249.30. No payments of either principal or interest were made thereafter. On September 23d, 1935, when by the terms of the note $26.70 interest was due, the defendant paid $25.70 on account thereof, and on October 31st, 1935, $10, which was insufficient to cover the interest then due. At the institution of this action the total of principal and interest due from the defendant was $262.94. On December 28th, 1934, Anne V. Molloy had given her note to the plaintiff for $300, on which the defendant was comaker. On June 21st, 1935, Anne V. Molloy as sole maker gave a new note for $300 to the plaintiff, which returned the December 28th, 1934, note to her marked "cancelled." In addition to these facts, which are undisputed, others are stated in the opinion. The finding states that the defendant in no way was misled or mistaken in making the loan or in executing the note.

By her answer the defendant denied liability and interposed nine special defenses. The court sustained the plaintiff's demurrer to the third, fifth, sixth, seventh and eighth of these, and found for the plaintiff upon the issues raised by the answer and the plaintiff's reply to the other special defenses. By her appeal the defendant attacks the court's rulings upon the former and its finding and conclusions upon the latter. The third special defense alleged that the note was void and unenforceable because ambiguous, in that it states on one side that a default in payment of principal or interest would accelerate the date of maturity, while on the other side no such clause is stated. The words

on the reverse side do not purport to be and are no part of the note; and setting forth as they do its maturity only in the event all payments are made on time, are not inconsistent with those of the note itself and could give rise to no ambiguity, even though they did constitute a part of it. The court properly sustained the demurrer to this defense.

The fifth special defense alleged the note to be void and unenforceable because the statement given to the defendant as the statute required when the loan was made did not show clearly when the note matured, since the clause accelerating payment on default did not immediately follow the one stating when the monthly instalments were due. The only pertinent statutory requirement is that the statement shall clearly show "the dates upon which payments are to be made if the loan is repayable in instalments, otherwise the time of its maturity." General Statutes, Cum. Sup. 1933, § 1085b. This defense does not allege that the statement fails to reveal the instalment due dates upon which primarily the note partially matured each month, but solely that it fails to state, as the statute requires, the maturity date under the accelerative default clause, because this does not immediately follow the instalment provision. The statute, however, contains no requirement that it shall. In the absence of such a provision it cannot be said that the particular sequence of clauses suggested is essential to the statement of this maturity date with the clarity called for by the statute. That the default clause was fully and clearly stated is not disputed. The demurrer to this defense was properly sustained.

The sixth special defense alleged the note to be void and unenforceable because the receipt given November 25th, 1935, shows that more than 3 per cent. per month was charged. No statute provides that the

giving of such a receipt shall void the note. General Statutes, Cum. Sup. 1933, § 1084b, does.provide that interest charged, contracted, or received in excess of 3 per cent. per month shall render the note uncollectible. Strictly construed the defendant was not entitled under the allegations of this defense to avail herself of this provision of the statute. And even though liberally construed as sufficiently alleging that the interest payment of November 25th exceeded the rate of 3 per cent. per month, which the special ninth defense, substituted for the sixth after the demurrer was sustained, indicates was the real defense the defendant was attempting .to raise, the court's ruling cannot be held erroneous. This question under the ninth defense was distinctly raised and tried as an issue in the trial. Any potential error in the ruling upon the demurrer was, therefore, obviated by what later transpired in the determination of this issue upon the merits. *Hartwell* v. *Watertown,* 123 Conn. 657, 661, 197 Atl. 755; *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691, 51 Atl. 1084.

The seventh special defense alleged the note to be void and unenforceable because another of the receipts given did not state for what period the interest was paid, and the eighth similarly alleged the note unenforceable because each of five of the receipts given was defective in failing to state the balance due on principal before the payment thereon referred to in the receipt was made. The plaintiff demurred to each on the ground that there was no legal requirement that the receipts contain such statements. The only pertinent statute then in force specifying the requisites of such receipts was § 1085b, prescribing that plain and complete receipts for all payments on account be given at the time they are made. It is the purpose of § 1085b, now § 1556c, to require that the borrower

be placed in possession of evidence which will enable him at any time to know and to show just what payments have been made by him on the note. A receipt for interest only, showing that it was for that purpose, identifying the obligation upon which the payment was made, and stating the date and amount of the payment, fairly meets the requirements of the statute. Provided with such a receipt for every interest payment made and the statement given when the loan was consummated as the statute requires, the borrower can readily know and show just how the loan account stands and the further payments thereunder which he is obligated to meet. The statute neither requires that the receipt shall state, in addition to the elements above recited, the period for which the interest is paid, nor that it shall state the balance which was due on principal prior to the payment of interest referred to therein. The court did not err in sustaining the demurrers to the seventh and eighth special defenses.

The court's findings and conclusions complained of relate to its determination that (1) on June 24th, 1935, including the amount due on the note in suit, the defendant was not indebted to the plaintiff in excess of $300, (2) the statement then delivered to the defendant by the plaintiff did not untruthfully state the nature of the security given for the note, and (3) the defendant did not pay interest on the note at a rate in excess of 3 per cent. per month. Relying upon the provision of General Statutes, Cum. Sup. 1933, § 1084b, that "No person shall owe any licensee, as such, at any time more than three hundred dollars for principal as a borrower or guarantor" to relieve her of her obligation to pay, the defendant's contention upon the first of these issues is that when the defendant executed the note in suit she was still obli-

gated for an unpaid balance of $225 upon the note of December 28th, 1934, as a comaker. Whether such was the case depends upon whether the giving of the new note by Miss Molloy to the plaintiff on June 21st, 1935, upon the plaintiff's surrender to her of the 1934 note marked "cancelled," constituted payment in full of the latter, thus effectively discharging the defendant's obligation as comaker thereof.

Whether a note constitutes payment of the debt for which it is given is a question of the intention with which it was given and accepted, and is one of fact for the determination of the trial court, the finding of which, if justified by the evidence, is conclusive. *Portland Building & Loan Asso.* v. *Peck,* 110 Conn. 670, 674, 149 Atl. 214. *Waterbury Lumber & Coal Co.* v. *Asterchinsky,* 87 Conn. 316, 322, 87 Atl. 739; 52 A.L.R. 1416, Note IIa. See also 8 Am. Jur. 444, § 791 and p. 447, § 793; 20 R.C.L. 365, § 6. While the court did not find explicitly the intent with which the June 21st, 1935, note was given and accepted, it did find in effect that thereby the 1934 note was "paid in full." This finding necessarily involved the determination by it that the 1935 note was given by Miss Molloy and accepted by the plaintiff with the intent that it should constitute payment in full of the 1934 note. Under her assignments of error the defendant attacks this finding solely upon the ground that it is found without evidence. The testimony of the plaintiff's manager, the giving back to Miss Molloy of the 1934 note marked "cancelled," particularly in the light of the provision in Cum. Sup. 1933, § 1085b, that upon repayment of the note in full the lender shall cancel and return the note marked "cancelled" to the borrower, and the defendant's own testimony that on June 25th, 1935, she knew that the 1934 note had been paid, afford ample evidence to support the find-

ing. Since the court's finding that the 1934 note was paid in full before the note in suit was executed must stand, its conclusion, improperly stated as a fact found in the finding, that the defendant was thereafter under no liability to the plaintiff by virtue of her signature as comaker of the 1934 note, was correct. 8 Am. Jur. 476, § 825.

It is undisputed that when the defendant gave the note in suit to the plaintiff, she received a statement complying in all respects with the provisions of § 1085b, supra, except the one requiring that it show "in clear and distinct terms . . . the nature of the security, if any, for the loan." It is also unquestioned that the statement's sole reference to the security was the words, "This loan is secured by Personal Security— Comakers." The defendant claims that this statement was inaccurate and untruthful, rendering the note void and unenforceable. Security is "that which renders a matter sure; an instrument which renders certain the performance of a contract. A person who becomes the surety for another, or who engages himself for the performance of another's contract." 3 Bouvier's Law Dictionary (3d Rev.) 3032. The use of the words "if any" in the provision quoted, indicates that no departure from the usual meaning as above defined is here involved to countenance construing the maker's own signature upon the note as constituting "security" within the statute. This loan was made upon the defendant's note unaccompanied by security of any kind. Accordingly no statement of "the nature of the security" was called for by the statute. The plaintiff's failure to strike from the statement the printed words above quoted, apparently through an oversight, involved no violation of the statute and in no way affected the validity of the loan. It may further be observed, as the finding establishes,

that the defendant was fully cognizant of the facts and was in no way misled or mistaken in procuring the loan by her note given.

In attacking the court's finding that the plaintiff did not charge and the defendant did not pay interest on the note at a rate in excess of the 3 per cent. per month maximum permitted by § 1084b, supra, the defendant's claim is that on the single occasion of November 25th, 1935, she did pay interest at a rate in excess thereof. A mistake in the defendant's receipt of that date indicating $9.60 paid for twenty-five days' interest, which would be in excess of the statutory rate, was apparently the origin of this contention. Figuring on the basis of thirty-day months, upon the undisputed facts the interest up to November 25th totaled $45.30, while the total paid was $35.70, resulting in the difference of $9.60 received by the plaintiff to balance the interest on that date. The court's finding that on November 25th, 1935, $9.60 interest was due on the defendant's loan, that $9.60 of the $25 then paid was applied thereto and $15.40 to principal, and that the defendant was never charged or paid interest in excess of 3 per cent. per month, was therefore correct. Its conclusion is further supported by Holm's testimony that at no time did the defendant pay interest at a rate in excess of 3 per cent. per month.

There is no error.

In this opinion the other judges concurred.