MARION J. FELLOWS ET AL. *v.* PORTER COLE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 18-6606-2290

Argued August 28—decided September 29, 1967

*James A. Wade,* of Hartford, for the appellant (defendant).

*Robert J. Sullivan,* of Torrington, for the appellees (plaintiffs).

KINMONTH, J. This action was brought under General Statutes § 22-357 to recover damages for injuries alleged to have been caused to the person of the named plaintiff, and to a dog owned by the other plaintiff, by a dog owned by the defendant.[1] The defendant's demurrer to the complaint of the named plaintiff was overruled *(Pruyn, J.),* and, on the filing of an answer, the case was tried to the jury. The jury returned a verdict for the plaintiffs, and judgment was rendered thereon. The defendant has appealed, assigning as error (1) the court's overruling of his demurrer, and (2) the denial of his motion for judgment non obstante veredicto. This

---

[1] "Sec. 22-357. DAMAGE TO PERSON OR PROPERTY. If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a. trespass or other tort, or was teasing, tormenting or abusing such dog."

latter assignment is unmentioned in the defendant's brief and consequently is treated as abandoned. *State* v. *Fredericks,* 154 Conn. 68, 71.

In the instant case, the defendant has chosen to come before us on a record made to present a single assignment of error, to wit, the overruling of his demurrer. He makes no claim of error during the actual trial with reference to the evidence adduced or to the court's charge to the jury. In such a situation, we may take notice of the proceedings following the answer. "If these, without the imposition of any new and improper burden upon the defendant, result in a judicial finding by which the facts alleged are supported and their legal effect broadened by other facts not specifically alleged, but within the issue, this court is not to shut its eyes to the finding and consider the demurrer as if it had been the termination of the pleadings." *Mechanics Bank* v. *Woodward,* 74 Conn. 689, 691; *Hartwell* v. *Watertown,* 123 Conn. 657, 659. We apply this principle in order to obviate possible error in the overruling of a demurrer to a complaint failing to allege a material fact, where this fact was proved without dispute at the trial. *Hartwell* v. *Watertown,* supra, 660.

The complaint alleged that a dog owned or kept by the defendant entered upon the premises of the plaintiffs and attacked their family dog. The named plaintiff also set out the exceptions to the statute and then alleged that during the course of the attack by the defendant's dog, the plaintiffs' dog was so severely injured that immediately after the attack it instinctively struck out at the named plaintiff and bit her, resulting in personal injuries to her. The defendant's ground of demurrer was that the named plaintiff's injuries were caused not by the defendant's dog but by her own dog and that therefore she

failed to bring herself within the provisions of the statute. The action being statutory, the named plaintiff must clearly bring herself within the provisions and scope of the statute; since the action was not brought under the common law, it was not necessary to allege negligence or scienter. See such cases as *Schonwald* v. *Tapp,* 142 Conn. 719, 722; *Goodwin* v. *Giovenelli,* 117 Conn. 103, 107; *Duell* v. *Coyle,* 22 Conn. Sup. 332, 333; *Basney* v. *Klema,* 2 Conn. Cir. Ct. 538, 539. A complaint is tested on a demurrer by the facts provable under its allegations, and the allegations are entitled to the same favorable construction as a trier would be required to give them in admitting evidence under them, and if facts provable under the allegations would support a cause of action, the demurrer must fail. *Cyr* v. *Brookfield,* 153 Conn. 261, 263; *Benson* v. *Housing Authority,* 145 Conn. 196, 199.

The defendant's contention seems to be that because his dog did not bite the named plaintiff it did not come within the statutory words "does any damage." The definition of "do," however, includes " 'to bring about; to produce, as an effect or result.' " *Granniss* v. *Weber,* 107 Conn. 622, 626. The liability of the owner or keeper extends to all damage to the person which is proximately occasioned by the dog. *Malone* v. *Steinberg,* 138 Conn. 718, 723. The statute is drastic, and its purport is that a person who owns a dog does so at his peril. *Ingeneri* v. *Kluza,* 129 Conn. 208, 210. The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the proximate cause. *Edgerton & Sons, Inc.* v. *Minneapolis Fire & Marine Ins. Co.,* 142 Conn. 669, 673. Whether the acts of the defendant's dog were the proximate cause of the named plaintiff's injuries was a question which

could only be determined upon a trial. It cannot be said that the complaint did not set forth a good cause of action under the statute.

It follows, therefore, that the facts necessary to establish the defendant's liability under the statute were both alleged in the complaint and found by the jury to have been proven.

There is no error.

In this opinion Kosicki and Macdonald, Js., concurred.

