[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Union Trust Company, a Connecticut banking institution, brought a one count complaints against the defendant, Florence C. DiPaola, for collection of an unpaid debt pursuant to a Demand/Time Loan Note and Security Agreement. According to the complaint, the plaintiff alleges that the amount of indebtedness on the note dated January 19, 1989, totals $113,671.09 as of June 30, 1989 which includes a principal amount of $120,000 plus interest and cost of collection. The plaintiff alleges that the defendant has made no payments on the note despite demand for payment and that the note is in default. On July 13, 1989, the plaintiff obtained an ex parte Prejudgment remedy consisting of an attachment or the defendant's interest in certain real property to secure its claim
In its answer, the defendant denies being indebted to the plaintiff for the claimed amount. In its amended special defense, the defendant contends that on July 18, 1988, the plaintiff replaced the January 19, 1988 note with a new note. The July 18, 1988 note has as its only maker the defendant's then husband, Mr. Salvatore DiPaola, who was a comaker on the January 19, 1989 note. The defendant did not sign the July 18, 1988 note and according to the defendant was thereby released from liability. (The defendant divorced her husband in March of 1989 and the defendant's husband is now in bankruptcy.)
The plaintiff, Union Trusts moves for summary judgment on the grounds that there is no genuine issue as to any material fact and, therefore, plaintiff entitled judgment as a matter of law.
In its memorandum of law in support of its motion for summary judgment, the plaintiff contends that the January 19, 1988 note, signed by defendant and her then husband, was extended, by the execution of a renewal note, signed only by the defendant's husband, dated July 18, 1988. Plaintiff argues that its intent was to have both parties sign the July note; the plaintiff ever intended to discharge the defendant from her obligation under the January note. According to the plaintiff, CT Page 4180 the omission of the defendant's name and signature from the July note was inadvertent. burden, the movant must make a clear showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). Because the burden of proof is on the moving party, in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Connell, 214 at 246. "The test is whether a party would be entitled to a directed verdict on the same facts." Id. at 247. The function of the trial court is to determine whether there exists a genuine issue as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990). In the defendant's memorandum in opposition to plaintiff's motion for summary judgment, the defendant argues that a genuine issue of material fact is presented — whether the plaintiff intended to release the defendant from liability when the bank issued the July note, unsigned by the defendant. In support of this argument, the defendant has submitted an affidavit of Mr. Salvatore DiPaola who was the comaker on the January note and the sole signatory on the July note. In his affidavit, Mr. Salvatore DiPaola avers personal knowledge and alleges that he told Helen Jetter that his wife, the defendant, wanted a release from liability on the January note and, therefore, he would be the only signatory on the new note. This raises an issue of material fact regarding the plaintiff's knowledge of Mr. DiPaola's intention when signing the July note, and plaintiff's intention with regard to the defendant.
The plaintiff has submitted a reply memorandum in further support of its summary judgment motion and has appended an affidavit of Helen Jetter made on personal knowledge. In her affidavit, Ms. Jetter alleges that the January note was never surrendered to the DiPaola nor were any of the signatures on the January note crossed out or obliterated to evidence the defendant's release or discharge from the note. The plaintiff in its reply memorandum cites Conn. Gen. Stat. 42a-3-605 (1) and argues that tangible proof of discharge is needed to establish release of liability on the obligation. Even though the plaintiff may not have discharged the debt, there still remains the issue of fact as to whether the plaintiff intended to discharge the indebtedness of the defendant, who was a comaker of the January note, but not a signatory on the July note.
Where the inferences which the parties seek to have drawn! CT Page 4181 deal with questions of motive, intent, and subjective feelings, summary judgment is particularly inappropriate. Batick v. Seymour, 186 Conn. 632, 646-47 (1982). Whether a renewal is taken in payment or satisfaction of the original note or whether a particular renewal transaction otherwise is intended to discharge the nonsigning comaker, is said to be a question of fact which can be determined either from the express contract of the parties or from the facts and circumstances attending the transaction. 43 ALR3d 250 (1972). Furthermore, "[w]hether a note constitutes payment of the debt for which it is given is a question of the intention with which it was given and accepted, and is one of fact for the determination of the trial court, the finding of which, if justified by the evidence, is compulsive." Equitable Industrial Loan Society, Inc. v. Kelly, 124 Conn. 346,352 (1938).
In Guaranty Bank Trust Co. v. Dowling, 4 Conn. App. 376,379 (1985), the court noted that "[t]he cancellation of a negotiable instrument generally has no effect when it is made by mistake." Id. Mistake "signifies an erroneous mental conception which influences a person to act or omit to act." Id. at 380. In Dowling, whether the plaintiff who marked the note "paid in full" and returned it to the maker did so on the basis of an erroneous conception was a question of mental state or intent. Id. Intent is a question of fact. Id.
Therefore, whether the plaintiff released the defendant from her obligation on the January note with the making of the July note or whether the omission of her signature on the, July note was an inadvertent error is a question of fact. Because it is unclear and there is a genuine issue as to this material fact, the plaintiffs' motion for summary judgment is denied.
CIOFFI, J.