ELLIS B. FOWLER *vs.* JOSEPH W. FOWLER AND OTHERS.

Where a tenant in common has made necessary repairs upon the property, he can recover of his co-tenants their share of the expense.

Previous to the adoption of the Practice Act assumpsit would have lain in such a case, and a recovery can now be had in an ordinary civil action under that act.

In a suit for a partition or sale of property held in common, the jurisdiction of the court is to be determined by the value of the property.

Whether, if the value is alleged in the complaint, that would not determine the jurisdiction: *Quære.* If no value is alleged the question can be raised by the pleadings.

Where in an action in the Court of Common Pleas by one tenant in common against another, for expenses incurred in repairing the property, the defendant filed a cross-complaint, praying for a sale of the property, and the court found, upon an answer filed by the plaintiff to that effect, that the property was of a value beyond the jurisdiction of the court, it was held that the cross-complaint should be dismissed.

CIVIL ACTION to recover the defendants' share of expenses incurred by the plaintiff in necessary repairs upon property owned by the parties as tenants in common; brought to the Court of Common Pleas. Cross-complaint by defendants, answer to same by plaintiff, finding of the facts by the court, and a reservation of the case for advice. The case is sufficiently stated in the opinion.

*C. S. Hamilton*, for the plaintiff.

*W. B. Stoddard* and *J. S. Thompson*, for the defendants.

CARPENTER, J. The plaintiff is a tenant in common with two others of certain mill property. For himself, and representing also one of his co-tenants as lessee, he made necessary repairs. This action is brought against the other co-tenant to recover one third the expense of such repairs. The facts are found and the case is reserved for the advice of this court.

It is objected that the action will not lie; that such an action could not be maintained at common law; that we

have no statute authorizing it; and that we have no precedent for it in our reports. Nevertheless we are of the opinion that the action may be maintained. At common law the remedy was by a writ *de reparatione faciendâ.* That writ, if ever used in this state at all, long since went out of use. We must therefore look for some other remedy. It is true the statute supplies none expressly. Account will lie by statute against one co-tenant who has received the rents and profits, and we suppose it will not be doubted that the defendant in such an action would be allowed the amount expended in necessary repairs. If such expenses actually exceeded the rents received, so that a balance should be due the defendant, the equities of the statute would seem to require that he should recover that balance. In such a case the claims of the respective parties would be mutual, and would pertain to the same subject-matter; and when once litigated it seems reasonable that judgment should be rendered for the balance, whichever way it may be, as in other actions of account.

But however that may be, we entertain no doubt that the plaintiff under the former practice would be entitled to recover in assumpsit, and that under the Practice Act he is entitled to the legal remedy.

The case finds that the repairs were "reasonable and necessary;" so that one third of the expense was for the benefit of the other tenant, Sophia B. Fowler. That expenditure however was not officiously made, for by reason of the plaintiff's relation to her and to the property he had a right to make it; and if a request by the defendant is necessary, the law will presume one and hold her liable as in ordinary actions of assumpsit for money paid out and expended. At all events the law will imply a promise to pay her proportion, upon the same principle that it will imply a promise to contribute in cases of joint debts paid by one of the debtors.

The defendant filed a cross-complaint, praying for a sale of the common property. The plaintiff in his answer averred that the value of the property was more than one

thousand dollars and that the matters prayed for in the cross-complaint were not within the jurisdiction of the Court of Common Pleas. The defendant replied that the property was worth no more than five hundred dollars. On this issue the court found the property to be worth about three thousand dollars, which clearly means that the property is worth more than one thousand dollars.

Had the Court of Common Pleas jurisdiction? We think not. It cannot be presumed that the legislature intended that in every case of a tenancy in common, however great the value of the property may be, the question of a partition or sale should be within the jurisdiction of the Court of Common Pleas; nor on the other hand will it be presumed that in cases where the property is of trifling value the intention was that the Superior Court should have jurisdiction. There is manifestly a jurisdictional limit somewhere.

The statute provides that "all causes in equity wherein the matter in demand does not exceed five hundred dollars," shall be brought to the Court of Common Pleas. Another section gives that court in New Haven County concurrent jurisdiction with the Superior Court in causes wherein the matter in demand exceeds five hundred dollars and does not exceed one thousand dollars. The statute also provides that in suits for redemption or foreclosure the amount of the debt shall determine the jurisdiction. Another statute provides that in actions of replevin the jurisdiction shall be ascertained by adding to the alleged value of the goods the amount of the alleged damages. But the statute establishes no rule in suits for a partition or sale of common property. The obvious meaning of the words "matter in demand," as applied to those suits, is the property sought to be aparted or sold, and the value of that property is the test of jurisdiction. As thus interpreted the statute furnishes a plain rule, easily understood and easily applied. In analogy to the statutory rule in replevin and the rule which prevails in cases of a money demand, perhaps the value of the property as alleged in the complaint would

determine the jurisdiction; and if no value is alleged, as in the present case, the question may be raised by the pleadings.

This view of the case renders it unnecessary to consider the other questions raised on the cross-complaint.

The Court of Common Pleas is advised to render judgment for the plaintiff on his complaint for one third of the sum expended, with interest, and to dismiss the cross-complaint.

In this opinion the other judges concurred.