## MARY A. BRADY *vs.* STEPHEN BRADY.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Whether one tenant has received more than his "due proportion" of the rents and profits of land owned by two of them in common, cannot be determined in an action for an accounting, under General Statutes, § 954, without taking into consideration all the equities arising between the parties with respect to such land. Accordingly, under a denial of an allegation that the defendant had collected and appropriated the plaintiff's portion of the rents to his own use and benefit, the defendant is entitled to show that he had erected a building upon the land at his own expense and to claim that such expense, in whole or in part, should be allowed him upon any accounting that might be ordered. The duty of adjusting the accounts, and finding and reporting the balance due, will then devolve upon the auditor or committee.

There is no presumption, as matter of law, that valuable improvements made by a husband at his own expense and with the knowledge and consent of his wife, on land owned by them equally in common, were intended as a gift to her.

That a balance may be found due from the plaintiff to the defendant is an incident to every action for an account, and a contingency for which the interlocutory decree may well provide.

Argued October 7th—decided December 17th, 1909.

ACTION by a wife against her husband for an account of the rents and profits of land owned by them as cotenants,

brought to the Superior Court in Hartford County. From an interlocutory judgment (*Bennett, J.*) for an account on a certain basis, an appeal was taken to this court, under General Statutes, § 789. *No error.*

*Albert C. Bill,* for the appellant (plaintiff).

*Joseph L. Barbour* and *Sidney E. Clarke,* for the appellee (defendant).

BALDWIN, C. J.   The complaint asks for an account of rents and profits of certain land, received by the defendant since a specified date, and alleges that the plaintiff then became owner of an equal undivided half of it, as a cotenant with him.   The answer was divided into two defenses.   The first was substantially a denial.   The second, by way of answer and counterclaim, set up that the land at the date in question was unimproved; that the defendant had borrowed $400 from the plaintiff to aid him in paying for it; that the conveyance to her was simply to secure the repayment of this loan; that he had since built a store upon the land at his own expense, and paid off the loan with the help of the rents collected; and that the plaintiff had now no interest in the premises.

The Superior Court found the complaint true and the answer and counterclaim untrue.   It also found that a store was built upon the land by the defendant at his own expense, with the plaintiff's knowledge and consent, and added largely to the value of the estate.   Judgment was then rendered for an accounting of all rents received from the property by either party, and of all disbursements made by either for its maintenance, care or improvement.

The appellant claims that no foundation was laid in the pleadings for an order that the cost of the store should be considered in making up the account.

General Statutes, § 954, under which this action was

brought, provides that if one of two tenants in common of any estate "shall receive, use, or take benefit of such estate in greater proportion than the amount of his interest in the principal estate, he and his executors or administrators shall be liable to account to his cotenant; and such cotenant, his executors or administrators, may bring an action of account against such receiver, and recover such sum as he has received exceeding his due proportion."

The "due proportion" of the rents received by the defendant which he is entitled to retain cannot be determined without a consideration of all the equities between the parties, arising out of the dealings of either with respect to the land in question. So far as the legal title is concerned, each of them holds an equal share. But in equity the defendant may have a right to charge the plaintiff, in an accounting for rents received, with half the cost of the store. The complaint alleged that he had collected all the rents and "appropriated the plaintiff's portion of said rents solely to his own use and benefit." This was denied, and under that traverse the defendant was entitled to be heard upon the question whether what he had paid out for the store should be allowed, in whole or part, as an item of credit in any accounting which might be ordered.

Whether the defendant's claim in this respect should be sustained or not, the judgment of the Superior Court does not determine. It provides that the facts on which it rests shall be investigated. It will then be for the auditor to "adjust the accounts" and "find the balance due." General Statutes, § 952.

This is not the case of improvements made by a husband on land of the wife, or on land held by them in joint tenancy, where the survivor would take the whole. If presumptions of an intention to make a gift to her might arise under such conditions, they certainly do not, as matter of law, arise under those now under consideration.

Nor is it any ground of objection to the interlocutory

judgment that under its terms a balance may be found due to the defendant from the plaintiff. This is an incident to every action for an account. 1 Swift's Digest, *726; General Statutes, § 952.

There is no error.

In this opinion the other judges concurred.