MARY A. BRADY *vs.* STEPHEN BRADY.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

There is no occasion for a trial court to reject the entire report of a committee, or to recommit the cause for another hearing, where all the material facts essential to a determination of the objections raised in the remonstrance are embodied in the report itself. Accordingly, in an action for an accounting, if justice and equity require the correction of one or more items in the account as made up and reported by the committee, the court itself may make the necessary correction.

A husband who erects a building upon land owned equally by his wife
   and himself in common, will be presumed to have intended, in the
   absence of evidence to the contrary, that she should have an equal
   ownership or interest in the building itself as a part of that land.
In the present case, which was a suit by a wife against her husband
   for an accounting and payment of the rents of real estate, the trial
   court concluded that the account as made up and reported by the
   committee was, as matter of law, just and equitable. *Held* that
   upon the facts as found there was no error in such conclusion.

Argued October 1st—decided November 1st, 1912.

ACTION by a wife against her husband for an account-
ing of the rents received by him from real estate owned
by them as cotenants, brought to the Superior Court
in Hartford County and referred to a committee to
hear and report the facts; the court, *Reed, J.*, overruled
the defendant's remonstrance to the acceptance of the
report, and also a motion that the report be rejected
and the committee discharged, and afterward judgment
was rendered (*Curtis, J.*), in conformity with the report,
in favor of the plaintiff for $3,569, from which the
defendant appealed. *No error.*

The committee appointed to take the account re-
ported these facts:—

The plaintiff and defendant intermarried Janu-
ary 27th, 1892. On January 28th, 1893, they purchased
a building lot in the city of Hartford, each paying $600,
one half the purchase price thereof. The defendant
caused the deed to be made out to himself, but on
February 4th, 1893, at plaintiff's request, he conveyed
an undivided one-half interest in said lot to her, and
each has ever since continued to own an undivided
one-half interest in said lot.

In 1893 and 1894 a building, containing a store and
two tenements, was constructed on said premises, plain-
tiff and defendant consulting together regarding it. The
defendant took active charge of the construction, con-

tracted for the materials and labor necessary therefor, and himself performed a large amount of work upon it, and the plaintiff performed certain services in preparing it for occupancy. The defendant made all expenditures necessary in constructing said building from his own funds. During the time the building was being constructed, the plaintiff and the defendant were living together in peace and harmony as husband and wife, and both intended that said building should be for the joint benefit of both, and the defendant had no intention of charging the plaintiff with the expenditures made by him. The amount of the expenditures made by the defendant in constructing said building was $6,980.43.

After the building was constructed and until May, 1899, the defendant rented said store and both tenements, and thereafter continued so to rent the store and one tenement until November, 1905. During all of said time the plaintiff and defendant were living together as husband and wife, and from May, 1899, until November, 1905, they occupied the upper tenement in said building. From the time said building was constructed until November, 1905, the defendant took charge of it; each party, however, with the knowledge and acquiescence of the other, collected a part of the rents thereof, but the defendant collected by far the larger part. Of the rents so collected by him, a portion was, with the knowledge and acquiescence of the plaintiff, deposited by him in a bank in his own name, and the remainder was, with other sums of money earned by him, left in the home of the parties for the use and convenience of the plaintiff and was by her, in large part, expended in paying household bills, buying wearing apparel for herself, and for other like purposes; at various times, however, the plaintiff took a portion of the money so left in the home and deposited

it in a bank in her own name, mingling it with other money of her own in a common fund which she used in part for buying wearing apparel for herself, traveling expenses, and the like, and in part in making investments in her own name and right. The rents collected by the plaintiff were mingled by her with the money left by the defendant in the home and disposed of in the same way. Neither party during this period had any intention of calling upon the other to account for the rents collected, or money spent, or deposited by the other. No evidence was offered by which the committee could determine what portion of the rents left in said home was used for the household expenses and the plaintiff's wearing apparel and the like, or what portions were deposited in the respective names of the parties. The defendant collected rents during said period to the amount of $5,066, and the plaintiff to the amount of $1,698.

Prior to November, 1905, the defendant expended for repairs, improvements, insurance, taxes, water rates, etc., about $2,500. What part of the water rates, amounting in all to about $900, was repaid to him by tenants did not appear. During this period said premises were being held and managed for the joint benefit of the parties, and the defendant had no intention of charging said expenditures, or the other expenditures made during this period as hereinafter stated, against the plaintiff.

On November 12th, 1905, the plaintiff, with the acquiescence of the defendant, left the defendant's home and plaintiff and defendant, by mutual consent, have ever since resided separate and apart, since which time the plaintiff has received no part of the rents from said building nor any support from defendant. Since said day the defendant has controlled and managed said building and premises, rented the store and

tenements therein, collected the rentals thereof, and made repairs and improvements to said building. During this time he has claimed to be the absolute owner of the building and premises and has denied the right of the plaintiff to collect the rents thereof, and has resisted her attempts to do so. From November 12th, 1905, to November 1st, 1911, he has collected the rents from the building amounting to $7,602, and paid expenses to the amount of about $2,500.

The defendant claimed other items of charges, and also the right to charge interest upon his expenditures in constructing, repairing, and maintaining the building. Such claims are stated in the report and were disallowed. The committee found that the defendant never intended to charge interest against the plaintiff, on account of his expenditures in connection with this building, until this action was brought.

The report states that the committee finds that yearly intervals were reasonable periods at which the defendant should have accounted to the plaintiff since November, 1905, and that one half the net income from the premises due to the plaintiff at such yearly intervals was as follows:—On November 1st, 1906, $531.73; 1907, $561.34; 1908, $547.58; 1909, $521.25; 1910, $538.33.

The committee allowed interest to the plaintiff on the sums so due from said dates to the date of this report, at six per cent. per annum, stating the account as follows:—

Stephen Brady to Mary Brady,      Dr.
To one half the amount of rents collected by
    said defendant since November 12th, 1905,
    as stated in paragraph 5 hereof,    .    .   $3,801

Cr.

By one half the expenditures made by de-
  -fendant

| | | |
|---|---:|---:|
| For repairs . . . . | $146.59 | |
|     Insurance . . . . | 78.00 | |
|     Taxes . . . . . | 253.26 | |
|     Street sprinkling . . . | 4.04 | |
|     Improvements . . . | 67.35 | $549.24 |

One half of the expenditure of the
  defendant in making the im-
  provement stated in paragraph 6
  thereof              125.00

One half the expenditure of the de-
  fendant for water rent during
  period (d), as stated in para-
  graph 8 hereof        30.00

One half the expenditure of the de-
  fendant stated in paragraph 9
  hereof           9.22

One half the item of $11, expended
  by the defendant, as stated in
  paragraph 12 hereof . . . 5.50    $718.96

| | | |
|---|---:|---:|
| Debit balance due the plaintiff . . | | $3,082.04 |
| Add interest due the plaintiff under | | |
|     paragraph 17 hereof . . . . | | 487.65 |
|     Total amount due plaintiff . . . | | $3,569.69 |

The report states that all items of receipts or ex-
penditures by either party, and all claims of either
party, except such as are included and allowed in the
above account, are disallowed.

The committee charged the defendant with no rents
collected prior to November 12th, 1905, and credited
him with no expenditures prior to that date.

The report also states several rulings made by the

committee upon the trial, against the defendant's claims and objections.

The defendant remonstrated against the acceptance of this report upon the grounds, in substance, that in the account he should have been credited with the cost of constructing the building, and with the expenses incurred by him upon the property both before and after November 12th, 1905, and with certain other items of expense claimed to have been incurred by him since November 12th, 1905, and with interest upon the sum found to have been paid by him in the construction of the building; and asked that the case be recommitted, and also moved that the report be rejected and the committee discharged. The Superior Court overruled the remonstrance and denied the motion, and rendered judgment for the plaintiff for $3,569.69.

The reasons of appeal are (1) the denial of the motion to reject the report; (2) the overruling of the remonstrance; (3) the accepting of the report and "giving judgment as on file."

*William F. Henney* and *Sidney E. Clarke,* for the appellant (defendant).

*Bernard F. Gaffney* and *Albert C. Bill,* for the appellee (plaintiff).

HALL, C. J.    The main question presented by this appeal is whether the defendant was entitled to be credited, in the accounting, with one half the cost of about $7,000, paid by him in the construction of the building upon the land owned by himself and his wife in common.

This case was before us at the October term, 1909, upon the plaintiff's appeal from the interlocutory judgment of accounting, the ground of the appeal being

that "no foundation was laid in the pleadings" for an order that the cost of the store should be considered in making up the account.

In sustaining the interlocutory judgment, we said that the due proportion of the rents received by the defendant which he was entitled to retain, could not be determined without considering all the equities between the parties arising out of their dealings respecting the land in question; that under the conditions then before us there was no presumption of law of an intention to make a gift to the plaintiff; that the defendant *might* have a right to charge the plaintiff with half the cost of the store, and that he "was entitled to be heard upon the question whether what he had paid out for the store should be allowed, in whole or in part, as an item of credit in any accounting which might be ordered." *Brady* v. *Brady*, 82 Conn. 424, 426, 74 Atl. 684.

It is quite evident from this language, and from the record of the former appeal, that we did not then, nor did the Superior Court in rendering the interlocutory judgment that there be an accounting, assume to decide the question of whether the defendant was entitled to the claimed credit.

The finding of facts in that appeal did not state nor assume to state all the equities bearing upon that question. There was wanting in that case, among other facts, the important ones affecting the equities between the parties, of their intention and understanding as to the repayment to the defendant of the cost incurred by him in the construction of the building, as to who was to receive the income from it, and the benefit of the building, and the fact that though receiving all the rents of the building since November, 1905, when the parties separated, the defendant has failed to contribute to the support of his wife since that date,

After the committee had made its report, the Superior Court, from whose action the present appeal is taken, had before it the material facts necessary to enable it to determine, had it been asked to do so, whether the account as made up by the committee was settled upon an equitable basis, and to correct it, if it was not, at least to the extent of deciding that the claimed credit of half the cost of the building, or a certain part thereof, should be allowed, without rejecting the entire report, or recommitting it for another trial, as the defendant requested. *Patterson* v. *Kellogg*, 53 Conn. 38, 40, 22 Atl. 1096.

But assuming that the action of the Superior Court in, overruling the defendant's remonstrance and motion, and in rendering the final judgment, was based upon its conclusion that the account as made up by the committee was as a matter of law just and equitable, do the facts found show that such conclusion was erroneous?

The plaintiff has, ever since 1893, held the legal title to an undivided one-half interest in the land, and since 1894 has held the same title to the building which was then erected upon the land, and became a part of it. When the defendant erected the building upon the land owned by himself and his wife in common he must be presumed to have intended, in the absence of evidence to the contrary, that she should have the legal title to a one-half interest in the building which was a part of that land.

Again, there was no agreement or understanding that defendant should receive all the rents from the building until he should be reimbursed for the cost of construction, or that his wife should in any manner pay to him one half of such cost. On the contrary, it is found, "that both intended that said building should be for the joint benefit of both," and that "the defendant had no intention of charging the plaintiff with the expenditures made by him." Under this under-

standing the defendant, for a period of more than ten years, made no claim that his wife should pay any part of the cost of constructing the building, and no part was paid by her. To permit the defendant to collect the entire rent of the building and appropriate it until the cost of construction was fully paid, without contributing to her support in the meantime, would not accord with the understanding and action of the parties.

But the defendant argues that such original intention and understanding should no longer be considered, because the husband and wife have lived apart since November 12th, 1905. But the plaintiff is still the defendant's wife. It does not appear that the separation was caused by her fault, or that she is not in need of support from this property, or that he is not still as liable for her support as before the separation.

We discover in the record no sufficient reason for holding that the account as made up by the committee was unjust or inequitable, or that the judgment of the Superior Court was erroneous.

We have no occasion to discuss the rulings made by the committee during the trial, as the defendant's objections to them were not pursued in the remonstrance or elsewhere.

There is no error.

In this opinion the other judges concurred.