Oswald H. Seidel *vs.* Dora Seidel.

First Judicial District, Hartford, January Term, 1930.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued January 7th—decided March 3d, 1930.

*Walfrid G. Lundborg,* for the appellant (plaintiff).

*Thomas J. Wall,* for the appellee (defendant).

WHEELER, C. J. The plaintiff brings this so-called action for contribution to recover from defendant his cotenant one half of the moneys expended by him for taxes, interest and improvements upon the farm which the parties admittedly own as tenants in common. The essential facts as found by the court are: the plaintiff and defendant, who are husband and wife, purchased this farm in 1915; they separated in 1919, the defendant wife going to New York. The plaintiff either knew or could have ascertained where the defendant was living in New York after their separation but he never communicated with her. He has paid nothing toward her support since the separation and she has received no benefit from the farm; the plaintiff, during this period, has received all of the income and benefit from the farm and the improvements made thereon. Since the separation the plaintiff and the

seven children of himself and the defendant have exclusively occupied the farm, except that one child has been largely maintained by relatives, and he has maintained himself and six of his children from the income of the farm by his own efforts with the assistance of the six children as they became able to aid him.

While the defendant was living in New York the plaintiff built a new building and repaired the old buildings on the farm. He never notified the defendant that he was making improvements and adding new buildings and the first notice she had of his intention to charge her for these improvements was when the complaint in this case was served on her. At the time he made the expenditures for these improvements he did not expect payment from the defendant for any portion of them. It did not appear in evidence how much money was spent on new buildings or how much was spent on the old buildings. On September 7th, 1927, the dwelling-house on the farm was totally destroyed by fire. The defendant derived no benefit from the repairs made on the farm and they were made without her knowledge or consent. He paid $30 for taxes on the farm in 1924. A mortgage exists upon the farm for $500 made by him and defendant to Edwin H. Hart and no interest has been paid on the mortgage since 1925. After he brought this action he suggested to Hart that he foreclose his mortgage on the farm against both himself and his wife so as to eliminate his wife's interest in the farm.

*Fowler* v. *Fowler,* 50 Conn. 256, was an action by one cotenant, a sister, against the other cotenant, a brother, to recover of him his share of the expense incurred by the plaintiff in necessary repairs upon property owned by the parties. We held that such action at common law by a writ *de reparatione facienda* could not be maintained in this State and said: "We must therefore

look for some other remedy. It is true the statute supplies none expressly. Account will lie by statute against one cotenant who has received the rents and profits, and we suppose it will not be doubted that the defendant in such an action would be allowed the amount expended in necessary repairs. If such expenses actually exceeded the rents received, so that a balance should be due the defendant, the equities of the statute would seem to require that he should recover that balance. In such a case the claims of the respective parties would be mutual, and would pertain to the same subject-matter; and when once litigated it seems reasonable that judgment should be rendered for the balance, whichever way it may be, as in other actions of account. But however that may be, we entertain no doubt that the plaintiff under the former practice would be entitled to recover in assumpsit, and that under the Practice Act he is entitled to the legal remedy." This decision is authority for the maintenance of the present action unless the relation existing between the parties prohibits it.

In *Brady* v. *Brady,* 82 Conn. 424, 74 Atl. 684, we had before us, on an appeal from an interlocutory judgment, an action by a wife against her husband for an account of the rents and profits of land owned by them as cotenants. The action was brought under General Statutes of 1902, § 954, now § 5990, giving the plaintiff an action for an accounting for such sum as the defendant has received exceeding his "due proportion," as the statute phrases it. We said: "So far as the legal title is concerned, each of them holds an equal share. But in equity the defendant may have a right to charge the plaintiff, in an accounting for rents received, with half the cost of the store. The complaint alleged that he had collected all the rents and 'appropriated the plaintiff's portion of said rents

solely to his own use and benefit.' This was denied, and under that traverse the defendant was entitled to be heard upon the question whether what he had paid out for the store should be allowed, in whole or in part, as an item of credit in any accounting which might be ordered." We continued: "This is not the case of improvements made by a husband on land of the wife, or on land held by them in joint tenancy, where the survivor would take the whole. If presumptions of an intention to make a gift to her might arise under such conditions, they certainly do not, as matter of law, arise under those now under consideration." Authorities cited by the appellee and the trial court upon the effect of this presumption where the husband has made improvements on his wife's land are not applicable in a case such as this. The same case came before us on an appeal from a final judgment, in 86 Conn. 199, 84 Atl. 925. The court, by CHIEF JUSTICE HALL, said, at page 206: "There was wanting in that case [the former appeal], among other facts, the important ones affecting the equities between the parties, of their intention and understanding as to the repayment to the defendant of the cost incurred by him in the construction of the building, as to who was to receive the income from it, and the benefit of the building, and the fact that though receiving all the rents of the building since November, 1905, when the parties separated, the defendant has failed to contribute to the support of his wife since that date. . . . Again, there was no agreement or understanding that defendant should receive all the rents from the building until he should be reimbursed for the cost of construction, or that his wife should in any manner pay to him one half of such cost. On the contrary, it is found, 'that both intended that said building should be for the joint benefit of both,' and that 'the defendant

had no intention of charging the plaintiff with the expenditures made by him.' Under this understanding the defendant, for a period of more than ten years, made no claim that his wife should pay any part of the cost of constructing the building, and no part was paid by her. To permit the defendant to collect the entire rent of the building and appropriate it until the cost of construction was fully paid, without contributing to her support in the meantime, would not accord with the understanding and action of the parties." We also held: "When the defendant erected the building upon the land owned by himself and his wife in common he must be presumed to have intended, in the absence of evidence to the contrary, that she should have the legal title to a one-half interest in the building which was a part of the land."

This action, while denominated one for contribution, does not differ in essentials from the statutory action under § 5990. That action, as we have construed the statute, is applicable to all cotenants, including a husband and wife. If the wife may maintain an action against the husband for an accounting he may maintain a like action against her. In that action all the equities involved in favor of the party sued, which necessarily include any proper credits for expenditures in connection with the subject-matter of the action, must be considered, and allowed so far as just, unless the evidence shows that improvements made by one party upon the land owned by them in common were intended to be made without claim for credit against the other party. If the evidence fails to show this, the party making the improvements must be presumed to have intended that the other party should have the legal title and with no right to credits for expenditures made thereon. *Brady* v. *Brady, supra,* was an action by a wife against the husband; the present action is

one by the husband against the wife. Since husband and wife are now, as to their property interest, upon an equality, we see no legitimate reason why the same practice and principle should not apply as to the property interests of each.

The statute to which we have referred is an ancient one; it has become an inseparable part of our law. Because of this and in the interest of legal simplicity, the action of contribution, if this be such, must be held to be governed by the same underlying principles. In the results reached our treatment of this problem, in practical effects, is, so far as we can see, about the same as that applied in most of our State jurisdictions.

We turn to the facts in the record before us, searching to see whether they do show that this husband made these expenditures for improvement, repairs, interest and taxes on the farm owned in common by himself and wife with the intention of subsequently claiming credit for them against his wife, and at the same time we array the equities upon the one side and the other, since, if the facts show that the expenditures were made with this intention, there must be a balance struck between the equities to ascertain the amount of the judgment. There was no agreement or understanding on the part of the wife that she should make these improvements or pay for a half of the expenditures of her husband on this farm. The husband, when he made them, did not expect payment for these from her. Not until this action, while the expeditures had been continuous for eight years, did he make such claim, although she lived in New York and he could have ascertained where. He has had the entire income from the farm for the support of himself and six of his children, and his wife, since she left him, has had no support from him and no benefit from the farm. The finding does not state what expenditures were

made, or if made, what they were for, except as to taxes, $30. There are no facts found which tend to rebut the presumption which exists in their absence, that the husband intended his wife to have such benefit as these expenditures were to her one half of the farm without accounting to, or making contribution to him, for a half or any part of them. If the facts had shown the contrary, there are no sufficient facts found which would enable us to balance these equities and reach a just result. If the facts required us to reach the result that the plaintiff was entitled to one half of the $30 paid by the defendant for taxes, and this would be the maximum of recovery which, upon the finding, the plaintiff could in any event obtain, we should be obliged to hold that the amount was too trivial to warrant sending the case back for a new trial. *Bennett* v. *United Lumber & Supply Co.,* 110 Conn. 536, 148 Atl. 369.

There is no error.

In this opinion the other judges concurred.