HELEN MATUSAVICIUS v. WILLIAM BETANCOURT

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 10956

Memorandum filed July 22, 1949

*William K. Lawlor,* of Waterbury, for the Plaintiff.

*James T. Healey,* of Waterbury, for the Defendant.

QUINLAN, J. This plaintiff and one Betancourt became acquainted in their employment, then an intimacy developed, followed by a promise to marry, after which a child was born, but preceding it a promise to marry after the baby was born, none of which promises were fulfilled. There were separations, reunions and a promise to marry when the child grew up, and finally the plaintiff was injured and was paid substantial damages.

In consideration of plaintiff's paying such damages for the erection of a house, Betancourt again promised to marry the plaintiff, the child having grown up. It took some time to build the house, all members of the plaintiff's family and Betancourt,

too, putting in their efforts. At no time did Betancourt have any intention of charging for his contribution but as a part of the family bestowed upon the building such effort as would a member of a family in such an enterprise. Incidentally, he kept no record of his time nor was any evidence before the court of its value, except of the most speculative nature. *Brady* v. *Brady*, 86 Conn. 199, *Dolan* v. *Dolan*, 107 Conn. 342 and *Maslanka* v. *Maslanka*, 16 Conn. Sup. 123, seem to have no application to the present state of facts.

It is claimed that plaintiff was cruel to Betancourt. I do not find the burden on this alleged defense sustained. There was undoubtedly unpleasantness, but in the time that had passed from the birth of the child the plaintiff had become a mature woman with waning prospects for future happiness, and any disturbances or disagreements stemmed from the persistent failure of Betancourt to marry the plaintiff. Betancourt has since married another woman and has a child by her.

In approaching the second count, attention is called to the case of *Brady* v. *Anderson*, 110 Conn. 432, in making the transition from the first to the second count. On the latter count I find the representation of marriage was made on the consideration stated, that the representation was false, intended to deceive and relied upon by the plaintiff and the previous circumstances surrounding the parties as well the later conduct of Betancourt are supporting of my conclusions.

There are two decisions cited the country over regarding conveyances made under such a situation: *Rockafellow* v. *Newcomb*, 57 Ill. 186, and *Lambert* v. *Lambert*, 66 W. Va. 520, 19 Ann. Cas. 537, holding that equity will interpose to grant a cancellation and a reconveyance of land which had been conveyed in consideration of mariage, where the grantee had refused to consummate the marriage. Here Betancourt was permitted an interest in the property in consideration of his promise. See also *Griffin* v. *Kelley*, 191 Ga. 880; *Morris* v. *Baird*, 57 N. Y. S. 2d 398; *McElroy* v. *Gay*, 155 Fla. 856.

The case was tried as an equitable action although one prayer for relief asks a declaratory judgment. I am disregarding the latter. Declaratory judgment actions are statutory, not equitable; *Silberman* v. *McLaughlin*, 129 Conn. 273, 276; and are "to declare rights rather than to execute them." *Aetna Life Ins. Co.* v. *Richmond*, 107 Conn. 117, 119.

Judgment may enter on the first count for nominal damages of $50, and on the second count for a cancellation of the interest of Betancourt and for a reconveyance of that interest, with costs to the plaintiff. The consideration for the conveyance having failed, the defendant has no interest which entitles him to an accounting. Moreover, Betancourt made a judicial admission in the court proceedings that he claimed no interest in the property. *Kanopka* v. *Kanopka,* 113 Conn. 30.

Judgment in accordance with the foregoing for the plaintiff on the first and second counts with costs, and judgment in her favor on the counterclaim also.