MALCOLM W. BALDWIN ET AL. *v.* HARMONY
BUILDERS, INC., ET AL.
(11529)

DALY, LAVERY and SCHALLER, Js.

Argued February 22—decision released May 4, 1993

*Judith A. Mauzaka,* for the appellants (plaintiffs).

SCHALLER, J. The plaintiffs appeal from the judgment of the trial court rejecting counts three and four of their complaint. The sole issue in this case is whether the trial court, having granted the plaintiffs' motion

for default for failure to plead, improperly required the plaintiffs to prove fraudulent conveyance at a hearing in damages. We reverse the judgment of the trial court.

On November 14, 1986, the defendant Normand L. Poulin, acting individually and on behalf of the defendant Harmony Builders, Inc., executed two promissory notes and agreed to pay the plaintiffs $120,000 with interest accruing on the balance at the rate of 12 percent per anum. According to the complaint, in 1988 Poulin twice quitclaimed real property to his wife, the defendant Anita Poulin. In August, 1989, the defendants paid $19,833 toward the balance on the first note and $14,167 toward the balance on the second.

On March 13, 1990, the plaintiffs brought an action against the defendants for the balance owing on the two notes. In the third and fourth counts of their complaint, the plaintiffs further claimed that Poulin fraudulently conveyed real property in Milford to his wife.[1] For all of these claims the plaintiffs sought money damages, interest and "such other relief as the court deems appropriate."

Attorney Peter Melien filed an appearance on behalf of the defendants but did not file any pleadings. On October 19, 1990, the defendant Anita Poulin was defaulted for failure to plead. Subsequently, on January 2, 1991, the court permitted Melien to withdraw his appearance. Then, on June 14, 1991, the trial court defaulted the remaining defendants for failure to plead.

On August 19, 1991, the court conducted a hearing in damages. Only one of the three defendants, Normand Poulin, attended the hearing. Neither he nor any of the

[1] Counts three and four specifically provided in pertinent part that "said conveyance was made without consideration and was intended to defraud the legitimate creditors of the defendant, Normand L. Poulin, by removing assets from his name thereby leaving him with insufficient funds or property to meet said creditors' demands."

remaining defendants filed written notice of an intention to contradict the allegations of the plaintiffs' complaint. After a hearing in damages, the court determined that Poulin and Harmony Builders, Inc., were liable on the two notes for $73,909.57 and $52,795.12 respectively. The court, however, rejected the plaintiffs' fraudulent conveyance claims, noting that "the evidence does not establish by clear and convincing proof that the conveyances made by Normand L. Poulin to his wife, alleged in the third and fourth counts of the complaint, were fraudulent conveyances, and judgment is entered for the defendant Anita Poulin." The plaintiffs appealed.[2]

The plaintiffs claim that, at the hearing in damages, the trial court improperly required proof of fraudulent conveyance by clear and convincing evidence. The plaintiffs' claim is predicated on the fact that subsequent to default, the defendants neither provided written notice of their intent to contradict the allegations in the complaint; Practice Book § 367; nor filed a motion to open the defaults for failure to plead. Practice Book §§ 376 and 377.

Practice Book § 367 provides that "[i]n any hearing in damages upon default suffered . . . the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict . . . ." Under these circumstances, the underlying purpose of a hearing in damages is to assist the trial court in determining the amount of damages to be awarded. *DeBlasio* v. *Aetna Life & Casualty Co.*, 186 Conn. 398, 401, 441 A.2d 838 (1982). "[A]t the very

---

[2] The defendants have chosen not to respond to the plaintiffs' claims on appeal.

least, [the plaintiff] is entitled to nominal damages.' Id.; *Ratner* v. *Willametz,* 9 Conn. App. 565, 579, 520 A.2d 621 (1987). Further, " '[a] default in an action for legal *and* equitable relief admits the material facts constituting a cause of action.' " (Emphasis added.) *Travelers Indemnity Co.* v. *Rubin,* 209 Conn. 437, 445, 551 A.2d 1220 (1988) (judgment could not enter for defendant on fraudulent conveyance claim where court had previously defaulted defendant for failure to appear).

By contrast, at a hearing in damages in which the sole issue is the efficacy of *equitable* relief, "the principles of equity require that the plaintiff prove the allegations contained in his complaint so that equitable relief may be granted." *Ratner* v. *Willametz,* supra, 576; *Starr Cash & Package Car Co.* v. *Starr,* 69 Conn. 440, 446, 37 A. 1057 (1897); 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 163.

From this case law, it is apparent that if a plaintiff seeks monetary and equitable relief and the defendant is in default, the plaintiff may recover *damages* without first proving the allegations in the complaint; *Ratner* v. *Willametz,* supra; however, the remaining request for equitable relief implicates the principles of equity and does require the plaintiff to establish a factual predicate for the underlying cause of action. Id. Thus, to determine the appropriate proof requirements at a hearing in damages upon a defendant's default, the trial court must evaluate the nature of the cause of action and the relief requested by the plaintiff.

The trial court, in this case, defaulted each of the three defendants, and the case proceeded to a hearing in damages. None of the defendants indicated an intent to contradict the allegations. Among the issues before the court were the plaintiffs' fraudulent conveyance claims. These claims raised mixed issues of law and equity. "A party complaining of a fraudulent convey-

ance has, among other remedies, one at law for damages against both the wrongdoers, and one in equity to have the fraudulent conveyance set aside." *Gaudio* v. *Gaudio,* 23 Conn. App. 287, 302, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). The plaintiffs sought damages and "such other relief that the court deems to be appropriate." As a prerequisite to legal and equitable relief, the court required proof of fraudulent conveyance by clear and convincing evidence.

With respect to the allegations underlying the plaintiffs' claim for *damages,* the defendants, in effect, admitted these facts through their failure to plead. At a minimum, it was incumbent on the court to enter an award of nominal damages to reflect the fact that judgment could *not* enter in favor of the defendants. We conclude that the court improperly required the plaintiffs to prove fraudulent conveyance in support of their claim for damages.

The plaintiffs' claim for "any other relief that the court deems necessary," however, presents a different question. This relief may implicate the court's equitable powers, particularly if read as a request to set aside the conveyance. Because a court order setting aside a conveyance is an equitable remedy, the plaintiffs must prove fraudulent conveyance before they are entitled to such relief.

In sum, the trial court improperly required the plaintiffs to establish the allegations of the complaint when it ruled on their claim for damages. On remand, in determining the claim for damages, the court must restrict its inquiry to the amount of damages that the plaintiffs may recover. If, in addition to damages, the plaintiffs seek to set aside the conveyance, the trial court must require proof of fraudulent conveyance by

clear and convincing evidence, but only while ruling on the claim for equitable relief.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.