[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Henry Santa Barbara (Henry) here seeks an accounting and money damages from his brother John Santa Barbara (John) concerning John's handling of their mother's (Jenny) monies between 1981 to 1991. Jenny died at age 92 in a convalescent home while a recipient of State Welfare and after some $500,000, her avails of real estate sales, had been distributed to her children, including John and Henry.
Henry brought this action as administrator of and as an heir of Jennie's estate. After a full hearing concerning John's handling of his mother's monies, the court does not believe any useful purpose could be served in appointing an auditor to take the account. See Brady v. Brady, 82 Conn. 424. To do so would only incur needless fees and expenses as John is eighty-two (82) years old, has been exhaustively questioned by Henry's counsel and provided what information and records he can provide. The court finds that save for a very small amount of money, John has accounted in court for the monies expended and proven that he had properly expended the monies he received. In these circumstances, the court will not order an accounting.
Henry also claims money damages for sums not properly expended. The court finds that John is unable to reconcile the expenditure of the Hundred Dollars ($100.00) and awards that sum to the plaintiff as administrator of his mother's estate. This sum is awarded as compensatory damages.
The court finds that John for many years wilfully and intentionally refused for reasons of bad feelings to give an account of the expenditures to Henry. Only after an extensive court hearing was the account finally rendered. In these circumstances, attorney's fees as exemplary damages may be awarded. The plaintiff failed to present evidence at the hearing which itself was marked with many emotional and antagonistic outbursts, not only by John. Here the court will allow the plaintiff to reopen his case to present evidence of CT Page 464 attorney's fees.
Accordingly, for this purpose only, the trial is reopened.
McDONALD, J.