[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A hearing in damages was held in this case on August 27, 1996. The parties have filed post-hearing memoranda. The Court has reviewed the full record and evaluated the testimony and evidence produced. The Court's inquiry is limited to the amount of damages plaintiff may recover in light of the default which has occurred. Baldwin v. Harmony Builders, Inc., 31 Conn. App. 242
(1993); Practice Book Sections 365 through 375. "The general rule of damages in a breach of contract action is that the award should place the injured party in the same position he would have been in had the contract been performed." Rametta v. Stella,214 Conn. 484, 492-93 (1990).
The Court finds that had the sales agreement relating to the property at 315 Remington Street in Suffield been performed on or about September 1, 1990, the plaintiff would have received $250,000 from the defendant purchasers. The Court also finds that in her effort to mitigate her loss, between September 1, 1990 and June 1, 1992, the plaintiff paid an engineer $4,050.00 to design a subdivision of the subject property into three lots (Plaintiff's Exhibit 4); paid the Town of Suffield $400 for a subdivision application fee (Plaintiff's Exhibit 5); paid Enfield Federal Savings $25,498.74 for interest on plaintiff's mortgage loan on the premises; and paid the Town of Suffield $6,798.31 for real estate taxes on the premises (Plaintiff's Exhibit 3). The Court finds that these are all proper items of damages totalling $36,747.05.
The Court further finds that plaintiff received $49,214.50 in proceeds from a sale of subdivision lot number 3 on December 13, 1991 (Plaintiff's Exhibit 6); that plaintiff received $147,280.47 in proceeds from the sale of lot number 2 on June 1, 1992 (Plaintiff's Exhibit 7); and $29,367.00 in proceeds from the sale of lot number 1 on June 2, 1992 (Plaintiff's Exhibit 8). The total proceeds amounted to $225,861.97. Diminishing this by $36,747.05 results in a total of $189,114.92. Subtracting that from $250,000 results in a figure of $60,885.08. However, plaintiff testified that she would nave had to pay approximately $450 in attorneys' fees, plus an agent's fee of approximately $15,000, had the sale with defendants gone through as she had anticipated. Consequently, I conclude that plaintiff's damages CT Page 8367 of $60,885.08 must be diminished by the approximate $15,450 which she would have incurred to complete the underlying transaction which did not occur due to defendants' breach.
This leaves plaintiff with damages of $45,435.08.
Plaintiff's request for interest is denied. Notwithstanding the unfortunate dispute which developed, there is no indication that monies were wrongfully detained. Bertozzi v. McCarthy,323 A.2d 553 (1983); Walter Kidde Contractors, Inc. v. State,434 A.2d 962, 978 (1989).
Judgment shall enter in favor of plaintiff in an amount of $45,435.08, plus such costs as are assessed by the clerk.
Douglas S. Lavine Judge, Superior Court