[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Janie Lee Palmieri, administratrix of the estate of her deceased mother, Jennie Lee Wilson (decedent), filed a five count complaint. The defendants are Albert Lee (Albert), who is the decedent's son and the plaintiff's brother, and his wife Diana M. Lee (Diana). In counts one and three, the plaintiff asserts causes of action entitled "Breach of Fiduciary Duty — As To Diana M. Lee" and "Negligent Breach of Contract — As To Diana M. Lee" respectively. In counts two and four, the plaintiff asserts causes of action entitled "Breach of Fiduciary Duty — As To Albert Lee" and "Negligent Breach of Contract — As To Albert Lee" respectively. In count five, the plaintiff asserts a cause of action entitled "Accounting — As To Diana M. Lee and Albert Lee."
The action was tried to the court.[1] Pursuant to Practice Book § 17-19,[2] Diana, who appeared pro se in this action, was defaulted for failure to appear at trial. The court finds the following facts.
On January 7, 1992, the decedent executed a general power of attorney appointing Diana as her attorney-in-fact. On May 19, 1994, Diana, as attorney-in-fact for the decedent, sold the decedent's property at a real estate closing for $105,600.00. As a result of this sale, the decedent's attorneys issued a check payable to the decedent in the amount of $97,554.70. Diana CT Page 4845 endorsed this check as power of attorney. The check was then deposited in an account with Union Trust Co. in the decedent's name.
On March 4, 1992, Diana opened a stock brokerage account for the decedent with A.G. Edwards Sons, Inc. Both the decedent and Diana, as attorney-in-fact, were authorized to write checks on this account. On March 17, 1992, the decedent transferred virtually all of the assets in this account to an account in Diana's name. This was a gift to Diana by the decedent. On October 12, 1992, seven months later, Diana transferred the same assets back into an account for the decedent. On July 20, 1993, the decedent transferred the assets in this account to Diana and Albert. This, too, was a gift from the decedent to Diana and Albert.
The plaintiff neither claimed nor provided evidence that the decedent lacked the capacity to make these gifts, or that she made them under duress.
Although the decedent stipulated in the power of attorney that, if Diana made gifts of the decedent's assets to the decedent's children, "gifts to my children must be equal," there is no evidence that Diana made gifts under the power of attorney to the decedent's children. The only gift that may be ascribed to Diana is the one she made (back) to the decedent, and that gift was made by Diana on her own behalf, not under the power of attorney.
From approximately July, 1993, to May, 1995, the plaintiff and the defendants alternated the responsibility for the decedent's physical care. In August, 1994, the decedent moved into the defendants' home where she resided until May, 1995. The decedent was then admitted to a health care facility where she remained until she died on May 27, 1995. While it is immaterial to the disposition of this action, Diana expended much of the monies that the decedent gifted to her and Albert on the care of the decedent.
There has been a wholesale failure of proof. No cause of action of any species has been proven. However, as observed supra, a default has been granted as to Diana. The court turns to the effect of that default in these circumstances.
In the complaint, the plaintiff seeks both legal and CT Page 4846 equitable relief. Specifically, in her prayer for relief, the plaintiff seeks money damages, an accounting, a judgment for the amount found due on such accounting and "whatever other remedy the court deems equitable."
As to the plaintiff's claim for legal relief, "[a] default admits the material facts that constitute a cause of action and entry of default, when appropriately made, conclusively determines the liability of a defendant." (Internal quotation marks omitted.) Bank of Boston Connecticut v. Moniz,47 Conn. App. 234, 237, 702 A.2d 655 (1997), appeal dismissed,247 Conn. 394, 720 A.2d 1111 (1998). "Normally a default conclusively determines liability." Whalen v. Ives, 37 Conn. App. 7, 20,654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). As to Diana, the trial was a hearing in damages with respect to the plaintiff's claim for legal relief. "Under these circumstances, the underlying purpose of a hearing in damages is to assist the trial court in determining the amount of damages to be awarded.DeBlasio v. Aetna Life Casualty Co., 186 Conn. 398, 401,441 A.2d 838 (1982). [A]t the very least, [the plaintiff] is entitled to nominal damages." (Internal quotation marks omitted.) Baldwin v. Harmony Builders, Inc., 31 Conn. App. 242,244-45, 624 A.2d 393 (1993).
As to the plaintiff's claims for equitable relief,[3] where a plaintiff seeks such relief, the effect of a default is diminished. At a hearing in damages after default, where equitable relief is sought, "the principles of equity require that the plaintiff prove the allegations contained in his complaint so that equitable relief may be granted." (Internal quotation marks omitted.) Baldwin v. Harmony Builders, Inc.,
supra, 31 Conn. App. 245. "[I]f a plaintiff seeks monetary and equitable relief and the defendant is in default, the plaintiff may recover damages without first proving the allegations in the complaint . . . however, the remaining request for equitable relief implicates the principles of equity and does require the plaintiff to establish a factual predicate for the underlying cause of action." (Emphasis in original.) Id. Here, the plaintiff has not proven a factual predicate for the underlying causes of action.
The plaintiff nonetheless claims that her complaint includes an action on a probate decree ordering Diane "to account for the Decedent's assets," and that she is entitled to a judgment in this court based on that probate decree. Pursuant to this claim, CT Page 4847 the court admitted the Probate Court documents into evidence. However, "[t]o be available as a cause of action the judgment [sued on] must be a definitive and personal judgment for the payment of money, final in its character and not merely interlocutory, remaining unsatisfied, and capable of immediate enforcement." 50 C.J.S., Judgment § 957 (1997). The order of the Probate Court fails to satisfy two of these requirements. First, it is not for the payment of money.[4] Second, an order for an accounting is typically interlocutory. See Stanley v. M. H.Rhodes, Inc., 140 Conn. 689, 691, 103 A.2d 143 (1954); Spitz v.Abrams, 128 Conn. 121, 122, 20 A.2d 616 (1941); Seidel v. Seidel,110 Conn. 651, 654, 149 A. 394 (1929); Preston v. Preston,102 Conn. 96, 122, 128 A. 292 (1925); Brady v. Brady, 82 Conn. 424,426-27, 74 A. 684 (1909); Neuschtat v. Rosenthal, 87 Conn. 400,403, 87 A. 741 (1913).
Judgment may enter for the defendant Albert Lee. Judgment may enter for $1.00 for the plaintiff against the defendant Diana Lee on counts one and three. Judgment may enter on count five for the defendant Diana Lee.
LEVIN, JUDGE.