[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in the nature of interpleader to determine the parties' rights to certain moneys held by the plaintiff as part of an employee savings plan ("Plan") of Susan Johnson Petro ("Participant"), a former employee of the plaintiff and participant in the Plan, who is now deceased. At the time of her death, November 13, 1999, the fair market value of her accumulated benefit in the Plan was approximately $74,229.07, which amount includes all employee contributions, employer contributions and earnings thereon.
The Defendants Staci Johnson, Deborah P. Gondor and Deoborah P. Gondor, ppa Jessica Gondor (Gondor, collectively) have moved this court for judgment in their behalf. The Plaintiff filed a Partial Objection to the Motion for Judgment, as hereinafter discussed. The parties appeared and were heard and the court reserved decision.
The unrefuted facts regarding this interpleader action are as follows.
On or about March 30, 1986, the Participant, then known as Susan R. Johnson, executed and filed a Designation of Beneficiary and Pre-Retirement Death Benefit Form naming Staci H. Johnson, Deborah P. Gondor and Jessica Ann Gondor as primary beneficiaries of various percentages in the interest in the Plan after her death. In that same document, the Participant designated Mark Abrams as a contingent beneficiary.
Thereafter the Participant married and became the spouse of Michael P. Petro. Michael P. Petro is the surviving spouse of the Participant and has or may have some interest in the plan as a surviving spouse. In addition, he claims that pursuant to a Designation of Beneficiary and Pre-Retirement Death Benefit Form executed on or about October 22, 1993, he is entitled to the entire benefit.
The Defendant Michael P. Petro is also the fiduciary for the estate of CT Page 1879 Susan Johnson Petro, the Participant, and may have some right to the benefits of the Participant on behalf of her estate.
The Defendants Staci H. (Syrotiak) Johnson, Deborah P. Gondor, individually and as guardian of Jessica Ann Gondor, a minor, and Mark Abrams claim to have some interest in the benefits of the Plan.
The plaintiff has no interest in or to any part of the benefits in the Plan and is willing to pay the same over to such person or persons as may be lawfully entitled to receive the same.
The plaintiff may be obligated under the Internal Revenue Code to withhold and turn over to the Internal Revenue Service a portion of the benefits of the Plan depending upon the ruling of this court.
On or about May 14, 2001, the Defendants Johnson and Gondor (Deborah and Jessica Ann) filed answers and statements of claim as required by Section 23-44, Conn. Rules of Practice.
On December 17, 2001, the Defendants Michael P. Petro and Michael P. Petro, Executor of the Estate of Susan Johnson Petro, were defaulted for failure to file a responsive pleading.
On January 30, 2002, the court (Stevens, J.) granted the plaintiff's motion for interlocutory judgment of interpleader.
On April 9, 2002, the Defendant Mark Abrams filed a claim in support of Johnson and Gondors' claims.
As a consequence of the failure by the Defendants Michael P. Petro and Michael P. Petro, Executor to file a response to the complaint or statement of claim, the claim of Johnson and Gondor is taken as admitted. See Bristol Savings Bank v. Holley, 77 Conn. 225, 226 (1904).
As previously noted, the Plaintiff filed a Partial Objection to the Motion for Judgment and argued that despite the fact of the default of the defendants Petro, the Plaintiff may be bound to make distribution to Michael P. Petro as the Participant's surviving spouse under federal law.
The Plaintiff points out that in 1984, Congress amended the Employment Retirement Income Security Act of 1974 (ERISA) by enacting the Retirement Equity Act to insure that spouses of plan participants receive survivor benefits from retirement plans under most circumstances. The Act established strict criteria for any waiver of benefits by a surviving CT Page 1880 spouse. Consequently, a plan participant's spouse cannot waive his entitlement to plan funds and the participant cannot unilaterally withdraw that entitlement unless the spouse executes a written consent before a notary public or plan representative.
There is no claim by any party and no evidence and testimony to establish that Michael P. Petro, surviving spouse of the Participant, ever executed such a waiver.
In its Partial Objection to Motion for Judgment, the plaintiff goes on to note that the statutes, regulations and plan provisions governing waivers by a surviving spouse are strictly construed and courts have uniformly ordered that 401(k) plan funds be distributed to the surviving spouse rather than to children designated as beneficiaries where the spouse has never executed a waiver as required by ERISA. See e.g., Laschev. George W. Lasche Basic Profit Sharing Plan, 111 F.3d 863 (11th Cir. 1997; Moore v. Philip Morris Co. 8 F.3d 355 (6th Cir. 1993) (awarding funds to spouse despite participant's written designation of children as beneficiaries because spouse never executed written consent); Lewis v.Atlantic Research Corp. , No. 98 cv 0070, 1999 WL 701383 (W.D.Va. Aug. 30, 1999 (awarding summary judgment for spouse despite finding that participant probably intended to leave the funds to the child).
That brings this court to the issue of Petro's default of his right to litigate his claim to the entirety of the funds.
As far as ERISA is concerned, his default does not constitute the formal consent by both ERISA and the Plan which would be necessary to deny his automatic entitlement to 50% of the funds as a surviving spouse. See Plan at Sec. 8.5(a); 26 C.F.R. § 1.401(a)-20 (1991) at A-20.
As far as the effect of a default denying the defendant Petro any portion of the Fund, a distinction must be noted between the determination of liability which results from a default and the award of equitable relief — or in his case the Plaintiff's request in its Complaint for "such further relief which the court deems just and proper."
If a plaintiff seeks monetary damages and equitable relief and defendant is in default, the plaintiff may recover damages without first proving the allegations of the complaint, but the remaining request for equitable relief implicates principle of equity and does require the plaintiff to establish factual predicate for underlying cause of action. See Baldwin v. Harmony Builders, Inc. 31 Conn. App. 242 (1993). In that case the court held that with respect to the claim for damages, the CT Page 1881 defendants admitted those facts through their failure to plead. The court further noted, however, "The plaintiff's claim `for any other relief that the court deems necessary,' however, presents a different question. This relief may implicate the court's equitable powers, particularly if read as a request to set aside the conveyance. Because a court order settingaside a conveyance is an equitable remedy, the plaintiffs must prove fraudulent conveyance [by clear and convincing evidence] before they are entitled to such relief." Id. (Emphasis added.)
In the instant case, the request to set aside the Defendant Petro's interest in the fund as the Participant's surviving spouse is an exercise of equitable relief which requires clear and convincing proof that he is not entitled to a surviving spouse's share of the Fund.
The court finds that his right to that fractional share under ERISA and under the terms of the Plan have been established by clear and convincing evidence.
For that reason, the Plaintiff's Partial Objection to the Motion for Judgment is sustained.
Judgment is to enter for the defendants Johnson, Gondor (Collectively) and Petro as follows: Petro is to receive that portion of the Fund as the Plaintiff determines to be due him under ERISA and under the terms of the Plan. The remaining portion is to be awarded equally to the remaining defendants. Said award is to be first reduced by the actual and reasonable costs and expenses incurred by the Plaintiff, including reasonable attorneys fees and by any taxes required to be withheld by the Plaintiff under the Internal Revenue Code.
It is further ordered that each of the Defendants is restrained from instituting any new action or claim against the Plan for recovery of any interest of the benefit — with the exception of any postjudgment proceedings in the instant case.
It is further ordered that the Plan is discharged from any further liability other than to follow the order of the Court as set forth in this Judgment.
By the Court,
Joseph W. Doherty, Judge CT Page 1882